No. 24,326.

HATTIE MARTENS, *Appellee,* v. MORRIS GREEN and SARAH GREEN, *Appellants.*

### SYLLABUS BY THE COURT.

JUDGMENT—*Service by Publication—Application to Open Up Judgment Should Have Been Sustained.* Where judgment by default was entered on service by publication only, on defendants residing in Ohio, and where the defendants, at the same term of court, after notice to plaintiff, moved to set aside the service because they had no actual notice of the pendency of the action in time to appear and defend, and because of irregularities in the proceedings, including a false statement in the affidavit for service by publication, and that substantial rights would be lost to them unless the judgment were opened up and they were permitted to defend; *held,* that there was a sufficient compliance by defendants with the provisions of section 83 of the code and that their motion should have been sustained, the judgment opened, and applicants permitted to defend.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed March 10, 1923. Reversed.

*J. M. Pleasant,* of El Dorado, for the appellants.

*R. L. King,* and *Roscoe King,* both of Marion, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendants appeal from an order of the district court refusing to open a judgment procured on service by publication and refusing to permit them to be let in to defend.

On August 25, 1921, plaintiff filed her petition alleging ownership of an undivided half interest in certain real property and praying for partition thereof. At the same time her attorney filed an affidavit for service by publication, in which he stated, "that he is the attorney for the plaintiff herein, and that plaintiff has filed her petition in this action for the partition of the . . . southwest quarter of section thirty-one, in township twenty-two of range five, east of the 6th P. M. . . . that the defendants, Morris Green and Sarah Green are both residents of Lorain county, in the state of Ohio, and that plaintiff herein is unable to procure actual service of summons upon said defendants within the state of Kansas."

Service by publication was begun August 26—answer day, October 6. On October 7 judgment in partition was rendered on default and commissioners appointed to make partition. On the same

Martens v. Green.

day the commissioners made a report finding that partition of the land could not be made without manifest injury and appraising the land at $45 an acre. Also, on the same day, the court approved the report and gave all parties ten days in which to elect to take the land at the appraisement. October 10 plaintiff elected to take the land at the appraisement, $6,908.50. On November 11 following, the election was confirmed and deed ordered, conveying the property to the plaintiff. On November 12 checks for the amount computed as due defendants, were mailed to them separately at their correct post-office address, Berlin Heights, Erie county, Ohio (not in Lorain county, as alleged in the affidavit.) The receipt of the checks was the first information conveyed to defendants that action had been filed against them. They promptly returned the checks and at the same term of court at which judgment was rendered, after notice to plaintiff, filed a motion to set aside the service, and asked that the judgment be opened and that they be permitted to defend. Their motion and application was verified. It showed, in substance:

"That defendants had no notice whatever of the pendency of said suit until the receipt of said checks; that they had been residents of Erie county, Ohio, with their post office at Berlin Heights during all said time; that plaintiff knew where defendants resided all said time; that said real estate was rented to tenants during the year 1921, and defendants were deprived of their proportion of several hundred dollars rentals by the action, though compelled to pay their share of taxes, costs and $500 attorneys' fees in the partition proceedings if the judgment be allowed to stand; that the assessed vlaue of said land for said year was $7,860; that its actual value was not less than $12,500."

The motion and application, supported by affidavits, was considered by the court on February 13, taken under advisement until March 31, 1922, when it was overruled. The concluding paragraph of the court's order reads:

"And it is further considered, ordered and adjudged that the application of the defendants to have the judgment opened up, and permission to file an answer to plaintiff's petition be and the same is hereby overruled."

Section 6970 of the General Statutes of 1915 provides:

"Before service by publication can be made, an affidavit must be filed, stating the residence, if known, of the defendant or defendants sought to be served, and if not known, stating that the plaintiff has diligently inquired as to the residence of such defendant or defendants and has been unable to learn the place of such residence and that the plaintiff is unable to procure actual service of summons on such defendant or defendants within this state, and showing that the case is one of those mentioned in the preceding section."

It will be noted that the affidavit for service by publication, filed August 25 stated that defendants were both residents of Lorain county, Ohio, while checks were mailed to defendants at their correct post-office address in Erie county, Ohio.

The statute permitting service by publication required the plaintiff to set out in the affidavit the residence of the defendants, if known, or if not known, to state that the plaintiff had diligently inquired as to such residence and had been unable to learn it. In the verified motion of defendants it was alleged, "that, in truth and in fact, plaintiff did know the residence of defendants, and as soon as plaintiff had obtained what she probably considered the title to said real estate, she advised and informed the clerk of this court where defendants resided." While the filing of a false affidavit confers jurisdiction, it is voidable and does not satisfy the requirement of the statute if attacked in time. It was the duty of plaintiff to state defendants' correct address, if she knew it, or state that plaintiff had made diligent inquiry, if she did not know it. The affidavit was defective and voidable for failure to properly alleged a jurisdictional fact.

The remarkable clock-like precision and rapidity manifested by plaintiff in the various steps taken to procure the full ownership of the land in question and to deprive defendants of their share therein at what appears to have been a grossly inadequate price were all matters for consideration of the trial court on the hearing of the motion to set aside the service and open up the judgment so as to permit the defendants to answer in the case.

Section 6974 of the General Statutes of 1915 provides:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of judgment or order, have the same opened, and be let in to defend. . . ."

In *Leslie v. Gibson*, 80 Kan. 504, 507, 103 Pac. 115, it was said by this court:

"In commenting on the statute in question this court has said: 'Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done consistent with the rights of other parties. The section provides ample protection to third parties dealing with property on the faith of

Martens v. Green.

the judgment, and the plaintiff certainly has no right to complain if within a reasonable time, which by statute is fixed at three years, the defendant demands an opportunity of litigating with him the justice of the claim. In fact, a judgment upon service by publication is as between the parties in the nature of a conditional judgment, one which becomes final and absolute only at the expiration of three years, and liable in the meantime to be opened whenever the defendant brings himself within the provisions of the section.' (*Albright v. Warkentin,* 31 Kan. 442, 445.) The manifest justice of allowing a person so situated an opportunity to be heard was thus referred to in *Erving v. Windmill Co.,* 52 Kan. 787: 'We are at a loss to understand why the court refused to open the judgment and give the plaintiff in error an opportunity to set up his rights. The only service in the case was by publication, notifying his assignor, Robertson, of the pendency of the action. Whether the plaintiff in error had a right to open the judgment under section 77 of the code or brought himself strictly within the position contemplated by that section or not, it is hardly necessary to decide.' "

The court should have opened the judgment and allowed the applicants to defend. It would even have been abundantly justified in setting aside the judgment under the third subdivision of section 7500 of the General Statutes of 1915, "for irregularity in obtaining the judgment."

It is urged by the plaintiff that the application of defendants to open the judgment and be permitted to defend should not be granted because defendants did not file a full answer as required by the statute. We are constrained to say that the verified motion sufficiently stated the necessary defense. It will be noted also that the court in its order refused defendants permission to file an answer. Moreover, a defense to a suit in partition does not necessarily mean the filing of an answer traversing the issues raised in a plaintiff's petition. Defendants in partition may very well assent to all the plaintiff's averments, and yet have vital interests to protect, that is, to defend at every step in the proceedings; an election to take at the appraised valuation; to see that the property brings the best possible price, even if they have to bid and buy it themselves.

The case is reversed and remanded with directions to open the judgment, set aside all orders, and permit the applicants to defend.