No. 28,395.

S. A. Brown, *Appellee,* v. George W. Williams and S. D. Logan, *Defendants;* A. R. Lamb, *Appellant.*

(272 Pac. 130.)

Opinion filed December 8, 1928.

*A. R. Lamb* and *C. A. Reed,* both of Coffeyville, for the appellant.

*C. J. Bryant* and *Edward Curry,* both of Independence, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from a judgment of foreclosure in which a judgment *in rem* was entered against A. R. Lamb for $6,300. The matters in controversy in the appeal are, first, a ruling made upon the motion of defendant Lamb to make the petition of plaintiff more definite and certain; second, a ruling decreeing the period of redemption to be six months instead of eighteen; the overruling of a motion to set aside the sale of property, and the order confirming the sale. These rulings are assigned as error.

From the pleadings, evidence and special findings, the controlling facts appear to be that S. A. Brown owned a tract of ground upon which a hotel had been erected, and that on February 9, 1927, Brown agreed to sell the property to W. C. Goodell for $6,000 and to accept in payment a note for that sum secured by a mortgage on the premises. About that time, and before the transfer was completed, Goodell sold it to George W. Williams for the same amount and on

the terms agreed upon between Goodell and the plaintiff. At Goodell's request and within a few days a deed was executed by plaintiff conveying the property directly to Williams for $6,000, the latter giving his note for $6,000 to plaintiff and a mortgage to secure payment of the note. Shortly afterwards Williams conveyed the property to Goodell subject to the mortgage mentioned. Goodell in turn made a conveyance to another, and the legal title was transferred through several persons, and finally to the defendant Lamb, all the conveyances reciting that they were made subject to the Williams mortgage. The mortgage contained a stipulation that the buildings on the premises should be insured in a sum not less than $6,000, and that if the insurance was not kept up on the buildings or if default should be made in the semiannual payments of interest on the note, the mortgage should become absolute, and the whole amount of the note and interest should become due at the option of the plaintiff. Defaults were made in the conditions of the mortgage, no interest having been paid, except $80 paid on March 1, 1927. There was a finding by the court that the mortgage and interest of $6,300 was due thereon, and that one-third of the purchase price of the property had not been paid, and therefore fixed the period of redemption at six months. Judgment was accordingly entered.

The attack on the petition was that it did not definitely disclose the actual consideration paid in the transfers between Goodell and Williams, in that it did not disclose the amount actually paid by the purchaser, and that the payment actually made had a material bearing on the period of redemption, that is, whether one-third of the purchase price had been paid. It was alleged that the note and mortgage for $6,000 was the amount of the consideration, and the evidence tended to show that to have been the actual consideration. More than that, the conveyance was made by Brown to Williams, and the former testified that the note for $6,000 was given as the full consideration of the purchase price. The court was warranted in finding that one-third of the purchase price had not been paid. It appears that no more than $80 was paid, and hence the redemption was properly limited to the six-months period. (R. S. 60-3466.) We find nothing substantial in this objection.

As to the motion to set aside the sale of the property, a more serious question is presented. The notice of the sale was manifestly insufficient. The first notice was published in a weekly newspaper

on November 17, that the sale would be made on December 24, 1927. Publications were thereafter made on November 24, December 1, December 8, and December 15, but no publication was made on December 22, nor at any other time prior to the sale which was made on December 24. Such a notice must be published at least thirty days before the sale, and must be continued in each successive issue of the newspaper up to the day of sale. This was not done, and failing in that the notice is insufficient. (*Whitaker v. Beach,* 12 Kan. 492. See, also, *Treptow v. Buse,* 10 Kan. 170; *McCurdy v. Baker,* 11 Kan. 111; *Watkins v. Williams,* 33 Kan. 149, 5 Pac. 771.) The plaintiff has not pointed out any way of overcoming this defect, and indeed none is available to him. He does say that defendant first made a motion contesting the confirmation of sale upon another ground which was overruled, and did not move for setting aside the sale on the ground that the publication was insufficient until after the first motion had been determined. However, the second motion was made and was entertained by the court and subsequently overruled. The fact that the ground named in the second motion was not included in the first cannot be regarded as coming too late or as precluding the defendant from raising the question on this appeal. It follows that there was error in overruling the motion to set aside the sale and in confirming it.

The judgment will therefore be reversed and the cause remanded for further proceedings.

HOPKINS, J., not sitting.