No. 31,122.

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*, v. L. R. KERSHAW, Receiver of The Montgomery County National Bank, *Appellant*.

(22 P. 2d 481.)

Opinion filed June 10, 1933.

*Sullivan Lomax*, of Cherryvale, for the appellant.

*C. J. Sloop*, of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question presented for decision in this action is whether the mortgagor of land decreed to be foreclosed and sold was entitled to eighteen months or only six months as a period of redemption.

The land in question was formerly owned by J. L. Pearce, and was mortgaged by him to the Union Central Life Insurance Company in March, 1919, to secure an indebtedness of $9,000 which matured on April 1, 1929. Afterwards the Montgomery County National Bank acquired the legal title to the land, taking title sub-

ject to the Pearce mortgage, but not assuming payment of the mortgage debt. In March, 1929, some negotiations were had with the insurance company as to a renewal or an extension of the mortgage. On April 2, 1929, the land was conveyed by the bank to W. L. Dillman, its president. He applied to an agent of the insurance company for a renewal of the Pearce loan, stating that he was paying for the land $11,000 cash and the $9,000 loan applied for. The deed from the bank to Dillman was executed on April 15, 1929, and the consideration named in the deed was $18,000. In aiding Dillman to obtain the loan from the insurance company, the cashier of the bank executed a certificate to the effect that the bank had sold the land to Dillman, and had placed him in possession of it, and the bank had no objections to his mortgaging the land to the insurance company. Dillman and his wife executed a mortgage on the land to the insurance company for $9,000, on May 21, 1929, and as there was a default in the payment of the mortgage this action was brought to recover the debt and to foreclose the mortgage. The bank, it appears, passed into the hands of a receiver, and he is named as defendant in the case. It appears that on June 10, 1931, Dillman and his wife executed their deed to the receiver for an express consideration of one dollar and conveyed the land to the receiver, the same having been made subject to the mortgage to the insurance company. It is stated that taxes and interest were paid by the bank after the conveyance of the land to Dillman and until the bank was closed on May 4, 1931. Defendant further claimed that Dillman never had any individual interest in the land and did not hold it adversely to the bank.

This action was brought in April, 1932, and the judgment was rendered in favor of the plaintiff for $10,129.33, against the parties executing the note and mortgage, also foreclosing the mortgage and directing a sale of the mortgaged property, which was made. When the matter of confirming that sale came up, an issue was raised as to the period of redemption, whether it should be eighteen months or reduced to six months, it being contended by plaintiff that the mortgage foreclosed was a purchase-money instrument, and as less than one-third of the purchase price was paid in cash or exchange of property, the period of redemption to which the defendant was entitled was only six months.

Defendant contends that the transfer of the land to Dillman was not in fact a sale but only a mere gesture, and that the insurance

company necessarily knew of the nature of the transaction, as its agent negotiated and arranged for the new mortgage that had been foreclosed, and that as the new mortgage was made by its agent, it necessarily knew of the facts concerning the transfer, and hence plaintiff's instrument was not for purchase money, but was simply an extension of a loan made by Pearce, the previous owner in 1919.

After the evidence was presented, the court first fixed the redemption period at eighteen months, but later reduced it to six months, as shown by the following finding and orders:

"The court specifically finds from the admissions of counsel in open court and evidence submitted that the period of redemption for said defendant owner should be reduced to six months from the date of sale of the lands in controversy.

"And the court having examined the proceedings had with reference to said sale, finds that said sale in all respects has been made in conformity to law; that said sale ought to be confirmed, and that the sheriff of Labette county, Kansas, ought to make to the purchaser a certificate of sale and purchase."

And judgment was accordingly given.

There is testimony that the papers made out in relation to the loan, including the deed and mortgage, were in the usual form and regular manner and that when the mortgage was made the 320-acre farm was worth double the mortgage debt, but that under present conditions it would not sell for the amount of the debt.

The claim of plaintiff that its mortgage was for the purchase money of the land and that, therefore, under R. S. 60-3466 the redemption period is limited to six months, cannot be sustained. The application for the loan was merely an extension or renewal of the Pearce loan made by Dillman, the president of the bank, and was so treated and received by the insurance company. The scheme of having the mortgage made by an officer of the bank rather than by the bank itself was suggested by the insurance company, probably for its own convenience or in conformity to some policy of its own respecting the sale and transfer of the security. The plaintiff not only proposed the scheme, but Dillman, the president of the bank and a witness for plaintiff, testified that the loan was made by plaintiff—

"Wholly upon the security offered at the time, knowing full well that said land was the property of said bank and that there was no sale or even a contemplated sale of the land to affiant, but that the same was made on their own suggestions that they could not make the loan to their eastern correspondents if it were not made in the name of an individual."

It is agreed that there was no actual consideration paid by Dillman for the deed and that the express consideration was never paid nor intended by the parties, and, further, that Dillman never had any actual individual interest in the land, never asserted any nor claimed adversely to the bank, but carried the same in his name for the bank only.

Moreover, plaintiff, the insurance company, was not the owner of the land, and the Pearce mortgage, which it held and renewed, was "ancient of days," nor was it shown ever to have been the purchase money of the land. The formal transfer of the land by the bank to Dillman was without consideration or effect so far as the redemption is concerned, and the form of transferring it to the receiver by Dillman for an express consideration of one dollar which was never paid, did not effect the redemption. It is clear that the insurance company had full knowledge of all the facts in the transaction—in fact, directed the steps taken—and is not in a position to claim it was not aware of the ownership of the land or the purpose for which the loan was made.

Under the recent case of *Verdon State Bank v. Smyth*, 137 Kan. 1, 18 P. 2d 897, and the undisputed facts, we must hold that the plaintiff's loan was not for purchase money, and hence the court was not warranted in so treating it and in reducing the redemption period from eighteen to six months.

The judgment, therefore, will be reversed with the direction to enter judgment in accordance with the opinion of this court. It is so ordered.