No. 32,360

John Hancock Mutual Life Insurance Company, *Plaintiff*, v. Henry Heinze, Sheriff, *Defendant*.

(41 P. 2d 1046)

Opinion filed March 9, 1935.

*A. H. Lakin,* of Emporia, and *E. A. Schwartzkopf,* of La Crosse, for the plaintiff.

*Jerry E. Driscoll,* of Russell, *A. E. Elias,* of La Crosse, and *Guy L. Hursh,* of Topeka, for the defendant.

The opinion of the court was delivered by

THIELE, J.: This is an action in mandamus to compel the sheriff of Rush county to publish notices of sales of real estate in mortgage-foreclosure proceedings in a newspaper designated by the judgment creditor.

There is no dispute of fact. Publication notices in three different actions are involved, but, as the facts in each case are substantially alike in so far as the present question is concerned, only one case will be noticed.

The district court of Rush county on January 14, 1935, rendered judgment in favor of the John Hancock Mutual Life Insurance Company against Eliza Moore for a definite amount on a note and for foreclosure of a real-estate mortgage given to secure the note, and if she should fail for five days from rendition' of the judgment to pay the amount due, an order of sale should issue to the sheriff commanding him to advertise and sell according to law the mortgaged real estate. There being a default, on January 21, 1935, the company, by its attorneys, filed a præcipe for an order of sale, the præcipe, as a part thereof, containing a direction that the notice of sale should be published in the La Crosse *Republican,* "which newspaper is hereby designated as provided by R. S. 60-3416," etc. The order of sale was duly issued. The sheriff refused to publish the notice in the designated newspaper and commenced publication in a different paper, and this action followed.

Defendant answers that the notice was not published in the newspaper designated by the judgment creditor for the reason, (a) the judgment of the court did not make a designation; (b) the order of sale contained no designation nor did the plaintiff properly designate the newspaper; (c) that the statutory provision is directory and not

mandatory; (*d*) that the sale in question is a judicial sale, while the statute refers only to execution sales; (*e*) that the sale in question is a judicial sale to be carried out by the sheriff under the court's order; that he is an officer of the court, and alone responsible for giving notice, and that the person ordering the sale is the clerk of the court and not the judgment debtor.

As a further defense he alleges plaintiff has an adequate remedy at law; that the statute relied on by plaintiff applies only to execution sales, and that if it be held to apply to judicial sales, it is unconstitutional in that it interferes with the statutory duties of the sheriff in making sales, and would open the door to graft, vice and corruption. He further alleges that plaintiff will suffer no pecuniary loss because the notice may be published in a qualified newspaper other than the one designated by it.

The contention that plaintiff has a plain and adequate remedy at law and mandamus does not lie is not good. In *Wolff v. Rife,* 140 Kan. 584, 38 P. 2d 102, it was said:

"Appellee urges that plaintiff had a plain and adequate remedy at law, and that mandamus did not lie. In the case before us there was no dispute as to the facts, simply the question of the force and effect of certain statutes. The decision in this case is for the guidance of every board of county commissioners in this state, and the use of mandamus in such case has been sanctioned. (See *State, ex rel., v. Williams,* 139 Kan. 599, 602, 32 P. 2d 481, and cases cited.)"

The other contentions require an interpretation of certain provisions of the code of civil procedure. When the code was adopted in 1868 (G. S. 1868, ch. 80) it defined executions as process of the court, issued by the clerk directed to the sheriff (sec. 441), and of four kinds, against (*a*) property of the judgment debtor, (*b*) his person, (*c*) for delivery of possession of real and personal property, and (*d*) special cases (sec. 442). Under section 517, it was provided that in special cases not otherwise provided for, the execution should conform to the judgment or order of the court, etc., and that provision remains unchanged (R. S. 60-3469). Under section 457, it was provided that lands and tenements should not be sold until after public notice by advertisement in some newspaper, etc., there being no provision for designation of the newspaper. Under that state of the law, in *Winton v. Wilson,* 44 Kan. 146, 24 Pac. 91 (decided in 1890), a judgment creditor sought by mandamus to compel the sheriff to publish notice of sale in a certain newspaper, and it was held that the sheriff is an officer of the court, certain statutory

duties are enjoined on him, the duty of making publication is cast on him, and that as such sheriff he is not alone the agent of the creditor but acts as an officer of the court for all interested in the sale. The syllabus of that case is:

"A sheriff holding an order for the sale of real estate cannot be required, by a writ of mandamus, to publish the notice of sale in a newspaper selected by the plaintiff."

By chapter 77, Laws of 1891, the above section 457 was amended to read, so far as is here necessary to note, as follows, the changes being shown by italicized words:

"Lands and tenements taken on execution shall not be sold until the officer cause public notice of the time and place of sale to be given for at least thirty days before the day of sale by advertisement in some newspaper *regularly* printed *and published and having a general circulation* in the county, *to be designated by the party ordering the sale,* or in case no newspaper be printed in the county, in some newspaper in general circulation therein, and by putting up an advertisement on the courthouse door and in five other public places in the county, two of which shall be in the township where such lands and tenements lie."

and it so remains (R. S. 60-3416).

The sheriff contends, however, that the above statute by reason of the words: "Lands and tenements taken on execution," refers to execution sales and not to judicial sales, that there is an essential difference between the two; that the duties of the sheriff in an execution sale are ministerial; that in a judicial sale the special execution must conform to the order of the court, and that the legislature in passing the last-mentioned act took cognizance of the distinction and did not intend to give the judgment creditor the right to designate the newspaper in which the sheriff's notice is published in judicial sales, but only in execution sales, and *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, is cited in support. It may be remarked that that case was not decided until 1903, and it can hardly be argued that the legislature in 1891 considered the distinctions between judicial and execution sales made in that case. In that case, it was held that the execution for the sale of the property charged is special and must conform to the order of the court, and it was stated that all executions, general or special, must be issued by the clerk and directed to the sheriff, the sales must be made at the courthouse and confirmed by the court. Although perhaps dictum, the question of the court's power to fix duration of notice is commented on and it is said:

"We do not think, however, that in any case the notice should be shortened by the court to less than thirty days before the day of sale, in view of the legislative policy to provide for thirty days' notice in ordinary execution sales." (p. 309.)

In the case before us, the court rendered a personal judgment in favor of plaintiff and against certain of the defendants, and foreclosed the mortgage, and ordered that if the judgment be not paid an order of sale issue to the sheriff commanding him to advertise and sell, according to law, the mortgaged real estate. The court made no attempt to fix a different time or method of notice than that provided by law, so the question of such power is not before us. Neither may it be said that because it did not repeat the words of some statute with respect to giving notice, that none was required. It is now and always has been the practice in this state for the sheriff, in selling mortgaged real estate, to give public notice of sale consonant with General Statutes 1868, chapter 80, § 457, and as amended, now R. S. 60-3416. Failure to give such notice has been held to make the sale invalid. (See *Brown v. Williams,* 127 Kan. 175, 272 Pac. 130, and cases cited.)

Notwithstanding the technical distinction that may be made between judicial and execution sales and notwithstanding the fact that technically the expression "lands taken on execution" may refer only to sales on general execution and not to lands sold on special execution or order of sale, we have no hesitancy in saying that it is effective to prescribe, at least, a legislative declaration of a minimum of the quantity and quality of notice that must be given in a real-estate mortgage foreclosure sale.

And for another reason it must be held that the above statutory provision as to notice applies to real-estate mortgage foreclosure sales. The provision as to notice appeared in General Statutes 1889 as section 4555. It was preceded by sections pertaining to the following matters: 4550, appraisement of real estate; 4551, waiver of appraisement; 4552, return of appraisement; 4553, restriction by appraisement, and followed by sections 4556 and 4557 pertaining to confirmation of sale and issuance of sheriff's deed. In 1893 the legislature enacted chapter 109, the title being:

"An act to regulate the sale of real estate under execution, order of sale, or other judicial process, and providing for the redemption of such real estate from sale, and the terms thereof, and repealing sections 4550, 4551, 4552, 4556 and 4557 of the General Statutes of 1889."

And section 25 of the act (now R. S. 60-3462) states that· it applies to all sales under foreclosure of mortgage, trust deed, mechanic's lien or other lien, whether special or general. The failure to repeal or change the provision as to notice (note it had been changed by Laws 1891, ch. 77, and by context it was in the middle of and an essential part of the sections changed and enlarged) leads only to the conclusion that it should be and was intended to be and is a part of the statutes pertaining to foreclosure sales. Under the sheriff's theory, G. S. 1889, section 4556 pertained only to confirmation of sales under general execution. Although it was the only section of the code pertaining to confirmation of sales, it was applied to foreclosure sales. See cases cited in statutes of 1889 in the annotations to the above section. The above section was repealed, and in its stead section 26 of chapter 109 of the Laws of 1893 was enacted. It now appears as R. S. 60-3463, and has·been supplemented by chapter 218, Laws of 1933 (R. S. 1933 Supp. 60-3463a). Since 1893 the statute has referred specifically to foreclosure sales, as well as to all other sales made by the sheriff on execution, or order of sale. (R. S. 60-3438, 60-3462.)

While the sheriff is an officer of the court for certain purposes in connection with the sale of real estate in foreclosure, his duties are ministerial, he obeys the orders of the court and the statutory provisions applicable, and he is powerless to add to or subtract from such duties, orders and provisions.

While situations may arise which will warrant the court in the sound exercise of its equitable powers, in requiring a notice of longer duration and of wider publication than that prescribed by R. S. 60-3416, in any event the minimum of notice required is that prescribed by that statute, and where, as in this case, the court merely orders the real property sold according to law, the party ordering the sale has the right to designate the newspaper where publication shall be made, it being understood that the newspaper is legally qualified to make such publication. And so far as the sheriff is concerned, the provision is mandatory and not merely directory. Neither does the statute require that the direction be contained in the order of sale, although if that should be true, plaintiff's præcipe for the order of sale contained an appropriate request. It is not contended here that the sheriff was ignorant of plaintiff's request

but only that he was not notified in some way which he conceived to be legally binding upon him.

The sheriff's contention that the application of the above statute to judicial sales makes it unconstitutional needs little attention. It does not interfere with his statutory duties, it prescribes them, and that the legislature has power to do. Nor does it open the door to graft, vice and corruption. It requires no great imagination to conjure up circumstances and situations where such results are as likely to follow where the sheriff designates the newspaper as where it is designated by the party ordering the sale.

The plaintiff had the right to designate the newspaper in which the notices of sales of real estate by the sheriff should be published, and a peremptory writ of mandamus to the sheriff to publish such notices in the designated newspaper is allowed.

HARVEY, J. (concurring specially): I concur with the decision in this case, and simply wish to add: I do not regard as sound the holding of this court in the second and third paragraphs of the syllabus of *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, so strongly relied upon by the defendant here, for the reason that the court there declined to follow the provisions of our civil code relating to sales of real property under execution, or special execution. Instead of doing so it followed *Thompson v. Burge,* 60 Kan. 549, 57 Pac. 110, which involved a sale of real property in probate court, where the procedure was not governed by our civil code, and disapproved *Shultz v. Smith,* 17 Kan. 306, which had followed our civil code. I think the law of this state will be better settled and that we will have more harmony in our decisions when we adhere to applicable provisions of our civil code.