No. 32,982

THE PHOENIX MUTUAL LIFE INSURANCE COMPANY, *Appellee,* v. C. C. ABY, a Single Man; J. C. ELVIN, *Appellant.*

(61 P. 2d 915)

Opinion filed November 7, 1936.

*Samuel Griffin* and *Orville Mills, Jr.,* both of Medicine Lodge, for the appellant.

*Donald Muir,* of Anthony, and *J. Raymond Eggleston,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this mortgage foreclosure case is by the defendant from the rulings of the district court in refusing to set aside the order of confirmation of sale and in sustaining the demurrer of the plaintiff to the evidence of the defendant in support of the petition of the defendant for a new trial. The court held the mortgage being foreclosed was a purchase-money mortgage and reduced the period of redemption from eighteen months to six months.

The sheriff's sale was made on June 17, 1935, and the sale was confirmed on July 8, 1935. At the request of the defendant further time was given him to introduce evidence in regard to the time of the period of redemption, and after the introduction of some evidence on behalf of the defendant on October 28, 1935, the period of redemption was fixed at six months on the theory that the mortgage being foreclosed was a purchase-money mortgage. On December 14, 1935, the defendant filed a motion to have the court vacate the order of confirmation because the mortgage was not a purchase-money mortgage, and on December 16, 1935, the court overruled said motion to vacate. On the same day that such ruling was made the defendant filed his petition for new trial, setting forth the same propositions, and that there was newly discovered evidence on the subject of the amount of the purchase price, and further alleged that the mortgage foreclosed was not the original mortgage but a renewal thereof, made about five years later than the purchase, for an additional period of five years; and also alleged that the sale and the order of confirmation were erroneous and void because the notice of public sale was not published for thirty days prior to the sale, as required by statute, it being first published on May 9, 1935, the sale being had on June 17, 1935, and there being no publication of the notice on June 13, 1935. A hearing was had on this petition for new trial on February 10, 1936, which was the first day of the February term of court, at which time the defendant offered evidence in support of his petition for

new trial, some of it being from the record which was introduced, and other matters in the form of oral testimony and letters. The court sustained objections to most of the oral evidence and letters concerning the negotiations for the purchase of the land and the purchase price thereof because of insufficient showing of diligence on the part of the defendant to produce such evidence on the trial, and at the close of the hearing the court sustained a demurrer to the evidence in support of the defendant's petition for new trial. Notice of appeal was served and filed on February 19, 1936.

While the appellant assigns and strongly urges error on the part of the trial court in excluding his alleged newly discovered evidence regarding negotiations as to the purchase price and making of the loan, we recognize that the matter of diligence on the part of the defendant in discovering the newly offered testimony was a matter of fact for the determination of the trial court, although one part of it, which was excluded, was that of the only witness on the original trial by whose subsequent letter he sought to correct the evidence he had given on the original trial by way of deposition. For this reason we will not further consider the grounds urged by the appellant as to the mortgage not being a purchase-money mortgage as held by the trial court, except on the ground that it was a renewal or extension mortgage that was being foreclosed instead of an original mortgage.

The renewal or extension contract appears in the abstract, and there can be no question from a careful reading of it but that this extension or renewal contract takes the mortgage out of the class of purchase-money mortgages under the ruling in the case of *Union Central Life Ins. Co. v. Kershaw,* 137 Kan. 819, 22 P. 2d 481, which was as follows:

"The extension or renewal of a mortgage upon land cannot, under the facts stated herein, be regarded as a purchase-money mortgage within R. S. 60-3466, and did not on foreclosure warrant the reduction of the redemption period to six months." (Syl.)

The appellant also brought before the trial court, both in the motion to vacate the order of confirmation and in the petition for new trial, the irregularity in the order confirming the sheriff's sale because of the failure to publish the notice of sheriff's sale for thirty days continuously before the sale, as required by R. S. 60-3416. It has frequently been held that the publication of the notice must be for all the intervening time between the first publication and the

day of the sale. The proof in this case shows that no publication was made on the last publication date immediately before the sale on June 17. This matter was long ago treated and determined by Justice Brewer in the following cases: *Treptow v. Buse,* 10 Kan. 170; *McCurdy v. Baker,* 11 Kan. 111; and *Whitaker v. Beach,* 12 Kan. 492. In the first case it was held:

"In sales of real estate upon execution, an advertisement in a weekly newspaper is sufficient, provided the first publication is at least thirty days before the sale, and the advertisement is continued in each successive issue up to that time." (Syl. ¶ 2.)

This same matter was recently approved in the case of *Brown v. Williams,* 127 Kan. 175, 272 Pac. 130, which was a mortgage foreclosure case, where it was held:

"In a sale of real estate under a decree foreclosing a mortgage, a notice of sale given in a weekly newspaper must be first published at least thirty days prior to the day of sale, and must be continued in each successive issue of the paper up to the day of sale; and where publication of the notice is omitted in the last issue preceding the sale, the notice is invalid." (Syl. ¶ 2.)

Appellee insists that motions were not filed in time to raise these questions. In the early part of the opinion, dates were given of the filing of the motions and petitions and rulings thereon. They were not filed within the three-day limit for new trial, but they were filed within the time prescribed by R. S. 60-3005, 60-3007, 60-3008, and the matters of record under consideration, even if appellant did not prove diligence as to newly discovered evidence, were amply within the time for reaching irregularities and errors mentioned in those sections. And in this case particularly the court must have acted under an erroneous understanding of the facts with reference to the publication of the notice of sheriff's sale when it appeared from the record that such notice was not a notice as required by law. On this subject it was said in *Burris v. Reinhardt,* 120 Kan. 32, 242 Pac. 143:

"It has been held, however, that the word 'irregularity' as there used does not apply merely to acts of the clerk or other ministerial officers, but 'must be given a broad enough meaning to cover a case where the court has acted upon an erroneous understanding of the facts.'" (p. 33.)

Appellee argues that the judgment became final when rendered and cannot be retried or overruled, citing *Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224, and *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884. Both were foreclosure cases. Personal service of summons.

was had upon the defendant in the first case and the judgment was rendered against the defendants, some of them by default. One of them, against whom judgment was rendered by default, nearly a year later made application to file an answer and cross petition, which was allowed over the objection of the plaintiff, and when the answer and cross petition was filed, alleging facts which could have been alleged earlier in a proper defense, a motion to strike was over-ruled and it was held:

"So long as the judgment stands, the defendant has no right to file answers raising issues finally determined by the judgment, and the court has no power to retry them." (Syl. ¶ 3.)

The second case above cited was an independent action to set aside confirmation of sheriff's sale, and it was there held:

"When a mortgage on real property is foreclosed, and the property sold, and the sale confirmed, such confirmation cannot be vacated nor the sale set aside after the term at which the judgment of confirmation was rendered, except in accordance with the civil code." (Syl. ¶ 1.)

In neither action was resort had to a motion in the same action to correct the judgment or to a petition for new trial.

It was held in *Martens v. Green*, 113 Kan. 142, 213 Pac. 642, that this court has a right to consider motions and petitions for new trial on account of irregularities in the proceedings and judgment after final judgment has been rendered and when the trial court fails to regard them as irregularities under R. S. 60-3007.

We therefore conclude because the mortgage was renewed and extended, that it was not a purchase-money mortgage, and because of the failure to publish the notice of sheriff's sale in all the weekly publications of the paper until the date of sale, the orders and judgments of confirmation and fixing of period of redemption must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed. It is so ordered.