No. 36,390

Byron Cassell, *Appellee*, v. Forrest Cassell and Rose Cassell, his wife (The Citizens State Bank of Hiawatha, and The Carter Oil Company), *Appellants*.

(166 P. 2d 669)

Opinion filed March 9, 1946.

*Walker F. Means,* of Hiawatha, argued the cause for the appellants.

*Robert M. Finley,* of Hiawatha, argued the cause, and *Chester C. Ingels,* of Hiawatha, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to partition real estate. Service on defendants, nonresidents of the state, was had by publication. Defendants appeal from an adverse ruling in a proceeding to open the judgment of partition.

Byron Cassell and Forrest Cassell were the only heirs at law of their father, who died intestate holding the fee title to the eighty acres of land involved. In July, 1942, Byron Cassell filed this suit in partition against Forrest Cassell and his wife, Rose Cassell, who resided in California. The court appointed commissioners, who found the real estate could not be partitioned in kind and they appraised the land at $3,000. All parties were given ten days to elect to take the land at the appraised value. On November 14, 1942, appellee elected to take the land at the appraised value. The election was confirmed and he was granted thirty days within which to make the payment into court and, upon so doing, the sheriff was ordered to deliver a deed to him. On January 9, 1943, appellee advised appellants by mail concerning his purchase of the land. Appellants sent that letter to John L. Gernon, attorney at Hiawatha. The record is silent as to whether the latter gave appellants any advice in the matter. On January 18, 1943, the clerk of the district court advised the appellant Forrest Cassell by letter that his distributive share was ready to be paid and requested instructions relative to how his check therefor should be handled. The clerk received no answer to the letter. On February 1, 1944, the clerk again wrote the appellant Forrest Cassell advising he had formerly written him and had received no reply. He again asked instructions relative to where the check should be sent. Forrest Cassell returned the last letter to the clerk, the date of the return not being disclosed, with the following statement on the reverse side of the letter:

"Dear Sir:

"Am not willing to accept check, as I intend to contest partition.

"Will take care of same as soon as travel cond. permit.

"Yours Truly,

"W. F. Cassell."

Nothing further was done by appellants at that time. Appellee obtained a loan of $2,000 on the premises from the Federal Land Bank. Approximately two years after the purchase of the land by appellee, appellants on December 12, 1944, filed an application in which they requested two things. The first was that the court open the judgment and allow them to defend. The second request was that the court set aside all former orders and proceedings in the partition action including the sale of the land. The application was based upon the grounds defendants had no notice of the action; plaintiff was guilty of fraud; and the land was appraised at an inadequate price. The application was supported by an affidavit of Forest Cassell and a full answer to the petition for partition was filed on the same date. The answer alleged the same defenses as were contained in the application to open the judgment and to set aside the sale and all former orders in the partition action. The application was denied. The journal entry is brief. It reads:

"Now on this 23rd day of January, 1945, the same being a regular motion day of the November, 1944, term of the above entitled court, comes on for hearing the application of the defendants to open the judgment in the above entitled matter, the plaintiff appearing in person and by Robert M. Finley, his attorney, and the defendants appearing by their attorney, Walker F. Means.

"Thereupon, the attorney for the defendants made an opening statement to the court on behalf of said defendants, and thereafter attorney for the plaintiff made an opening statement to the court on behalf of said plaintiff.

"Thereupon, evidence was introduced by the defendants in support of their application to open said judgment, and thereafter the plaintiff introduced evidence in said matter. And the court after hearing the evidence and being fully advised in the premises, finds that the plaintiff is guilty of no fraud and that there was no inadequacy in the appraisement or sale price of the real estate partitioned and sold in the above entitled action, and that the said plaintiff elected to take said real estate at the appraised value and said appraised price was a fair, just, and impartial appraisement of the real estate involved, in the above entitled action.

"The court does further find that the defendant knew about the pendency of the above entitled action in the early part of January, 1943, within the time fixed by law for reopening judgments wherein service is procured by publication, and that said defendants were guilty of laches.

"The court does further find that the application to open said judgment should be denied and the costs of said proceeding should be assessed against the defendants.

"It is therefore by the court considered, ordered, adjudged and decreed, that the application filed on behalf of the defendants in the above entitled action be and the same is hereby overruled and said application is denied, and said defendants are ordered to pay the costs of said proceeding."

It is from this judgment that appellants have appealed. They contend their pleadings complied fully with the requirements of G. S. 1935, 60-2530, for opening a judgment within three years when such judgment is obtained upon service by publication. They insist that a judgment so obtained is merely a conditional judgment for a period of three years and that when they have complied with the provisions of the statute the court has no discretion in the matter but must open the judgment and permit them to defend the partition action on its merits. They rely primarily upon *Albright v. Warkentin*, 31 Kan. 442, 2 Pac. 614; *Martens v. Green*, 113 Kan. 142, 213 Pac. 642; *Withers v. Miller*, 140 Kan. 123, 34 P. 2d 110.

Appellee concedes appellants' pleadings complied with the requirements of the statute but contend: The judgment was in fact opened and appellants were let in to defend, to adduce evidence in support of the allegations of their answer; counsel for appellants made an opening statement to the court; thereafter counsel for appellee did likewise; appellants introduced evidence on every defense alleged in their application and answer; appellee offered evidence in opposition thereto; the trial court made findings of fact on every alleged defense; a trial was had on the merits of the alleged defenses; the findings were against appellants; they are supported by the evidence and the judgment should not be disturbed.

The record discloses counsel for appellants stated, "I think we have no more evidence." Appellee also directs our attention to the fact appellants filed no motion for a new trial and in nowise indicated they desired any further hearing on the merits of the case.

Appellants do not contend the findings made by the trial court are unsupported by the evidence. They do not now contend they have any additional testimony to offer in support of their alleged defenses. They rest their appeal on these grounds: Appellee knew their address in California and gave them no actual notice of the partition suit while it was pending and they had no other notice; they were entitled to be present or to be represented at every stage of the partition proceedings in order to protect their interests; they complied, insofar as pleadings are concerned, with the statutory requirements for opening the judgment; the court should have vacated and set aside all orders and proceedings in the partition suit and its refusal to do so constituted reversible error.

While it is true the trial court found from the evidence adduced appellee was guilty of no fraud, that there was no inadequacy in

the appraisement and that appellee elected to take the real estate at the fair appraised value, it nevertheless appears appellants had no actual notice or knowledge of the partition suit while it was pending. In *Withers v. Miller*, supra, a quiet-title suit, we said:

"Normally, when a party in such an action moves to open the judgment, about the only questions before the court are: Has notice been given to the adverse party? Was service by publication only? Did defendant have knowledge of the action in time to defend? Has he filed an answer stating a defense? Is he willing to pay all costs, if the court requires it?" (p. 126.)

In *Martens v. Green*, supra, a partition suit, it was stated:

"It is urged by the plaintiff that the application of defendants to open the judgment and be permitted to defend should not be granted because defendants did not file a full answer as required by the statute. We are constrained to say that the verified motion sufficiently stated the necessary defense. It will be noted also that the court in its order refused defendants permission to file an answer. Moreover, a defense to a suit in partition does not necessarily mean the filing of an answer traversing the issues raised in a plaintiff's petition. Defendants in partition may very well assent to all the plaintiff's averments, and yet have vital interests to protect, that is, to defend at every step in the proceedings; an election to take at the appraised valuation; to see that the property brings the best possible price, even if they have to bid and buy it themselves.

"The case is reversed and remanded with directions to open the judgment, set aside all orders, and permit the applicants to defend." (p. 145.)

In view of these decisions it was immaterial whether the property was fairly appraised or whether it sold at an adequate price. Appellants were entitled to have an opportunity to be present at each step of the proceedings and to bid on the property, if they desired to do so, in order to protect their interests. This opportunity they did not have.

The trial court also found appellants knew of the pendency of the action in the early part of January, 1943, did nothing about the matter until they filed the instant proceedings on December 12, 1944, and were guilty of laches. The original action was no longer pending in January, 1943. The property had been purchased in December, 1942. The instant proceedings were instituted within three years after the date of the judgment and the finding of laches cannot be sustained.

The journal entry clearly shows that the hearing was upon defendants' application to open the judgment. It further shows that the court denied the application. In view of this we think the argument of appellee to the effect that the court did open up the

judgment lacks merit. We determine what a court does by the journal entry, which states what was done. No effort has been made by appellee to have the entry in the journal corrected.

The judgment of the district court is reversed and the cause is remanded with directions to open the judgment, set aside all orders, and permit appellants to defend at every step in the partition proceedings.

WEDELL, J. (concurring in part and dissenting in part): I am not unmindful of the fact that this is a partition suit and that the instant proceeding to open the judgment was brought under the provisions of G. S. 1935, 60-2530. I agree appellants filed the pleadings required by that statute to open a judgment rendered on service by publication alone. I also agree, at least on the limited record before us, that having filed the instant proceeding within the three-year period appellants could not be said to be guilty of laches.

I also agree we endeavor to determine what a trial court has done by an examination of its journal entry. However, in doing so we do not examine merely some separate recital therein but all pertinent recitals and, of course, especially the portion, or portions, of the journal entry constituting the actual judgment. The journal entry is fully set forth in the majority opinion. Notwithstanding a recital therein that the application to open the judgment should be denied I cannot agree that the journal entry, when considered in its entirety, discloses the trial court denied defendant's motion to open the judgment for the purpose of letting them in to defend. On the contrary, it seems to me the journal entry conclusively shows the court did open the judgment for the purpose of permitting defendants to show not only that they had no notice of the partition action but also to show, if they could, that plaintiff was guilty of fraud and that the land was appraised and purchased at an inadequate price, as defendants' application and answer alleged.

The journal entry plainly discloses not only that evidence was adduced by all parties on these questions but that the court ". . . being fully advised in the premises, finds . . ." Thereafter, the journal entry contains specific findings of fact adverse to the defendants touching every step in the partition proceedings. With such a journal entry of the record before us I am not willing to reverse the district court on the theory it considered only the por-

tion of the application to open the judgment and erroneously denied it.

Furthermore, the journal entry discloses the court did not hear and consider only that portion of the application which requested the court to open the judgment. It discloses the court considered and denied the portion of the application which sought to have all orders and proceedings in the partition action, including the sale, set aside. The application filed by defendants included both requests. Both requests were denied upon the evidence presented. The judgment portion of the journal entry reads:

"It is therefore by the court considered, ordered, adjudged and decreed, that the *application filed* on behalf of the defendants in the above entitled action be and the same is hereby overruled *and said application* is denied, and said defendants are ordered to pay the costs of said proceedings." (Emphasis supplied.)

It therefore cannot be said the district court passed only on the portion of the application which sought to have the judgment opened. Moreover, defendants have expressly appealed from the judgment denying both requests contained in their application. We therefore also have before us an appeal from the judgment denying defendants' application to set aside all proceedings, including the sale. The next question is, can this court on the record before it reverse that portion of the judgment? I do not think so. The pertinent provisions of G. S. 1935, 60-2530 provide:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and to make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense . . . The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

When defendants made the necessary showing under that statute, including the fact they had no notice of the action, they were entitled to have the judgment opened and to be let in to defend. They were given that opportunity and exercised it. At the conclusion of the hearing their counsel said, "I think we have no more evidence."

It is my understanding of the law that on such a hearing, whether it involves a partition action, or any other action to which the statute applies, the district court is not required to set aside all proceedings, including the sale, merely because defendants had no notice of the action. In order to have the entire proceedings and sale set aside defendants were required to make some showing of prejudice resulting from their lack of notice and their consequent inability to attend or to be represented at the proceedings. In view of the findings of fact they failed to make such a showing. They took no action in the district court to set aside the findings on the ground they were contrary to or unsupported by the evidence. They in nowise challenge the findings in this court.

In the case of *Martens v. Green,* 113 Kan. 142, 213 Pac. 642, cited in the majority opinion, the property was sold at a grossly inadequate price. Here the evidence is ample to support the finding there was no partiality or inadequacy in the appraisement and that the property was purchased at a fair and just price in 1942. Of course, it would be quite unusual if it did not now bring more under prevailing inflated prices. Appellants did not testify if they had been present at the sale in 1942 they, or some other purchaser, would have paid more for the land. They produced no witness who testified the land was worth more in 1942 than its sale price. There was ample testimony that it was not worth more, and some testimony tending to show it was worth less, than $3,000 when sold in 1942. Appellants did not testify they would have elected to take it at the appraised value on the date of sale. In view of this record I do not think we are justified in reversing the decision of the trial court and in directing it to set aside all the orders and proceedings in the partition suit.

THIELE and PARKER, JJ., concur in the foregoing partially concurring and partially dissenting opinion.