In the matter of the Estate of FRED JANSEN, Deceased. JOSEPH G. JANSEN, individually and as Administrator of the Estate of FRED JANSEN, deceased,

*Appellant,*

vs.

ELMER JANSEN,

*Respondent.*

(No. 2753; January 2nd, 1957; 305 Pac. (2d) 422)

For the appellant the cause was submitted upon the brief of Fred W. Layman of Casper, Wyoming.

For the respondent the cause was submitted upon the brief and also oral argument of Raymond B. Whitaker of Casper, Wyoming.

432

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the Court.

The appeal herein involves the question whether or not a decision of this court can be circumvented by the method hereinafter mentioned. The facts are as follows: On April 10, 1954, an order was entered by the Honorable Preston T. McAvoy in the matter of the estate of Fred Jansen, deceased, ordering and adjudging "that the sum of $6,211.91 be and the same is hereby decreed to be an advancement to the said Elmer Jansen by the said Fred Jansen and that the said sum shall be charged against his inheritance from the Estate of Fred Jansen, deceased." The order was made pursuant to a trial and considerable evidence was taken in the case. On April 15, 1954, notice of

appeal from the foregoing judgment was duly filed in the case and receipt of a copy thereof on that date was acknowledged by appellant's attorney. The record in that appeal was filed in this court on August 13, 1954. A decision in the case was rendered by this court on June 21, 1955, as shown In re Jansen's Estate, 74 Wyo. 152, 284 P.2d 1086. This court reversed the judgment of the trial court and held that the foregoing sum was not an advancement.

Notwithstanding the fact that an appeal was taken in the foregoing matter, Joseph G. Jansen, administrator of the estate of Fred Jansen, deceased, filed in the probate court of Natrona county, Wyoming, on May 19, 1954, his final account and petition for distribution in which he stated that the district court on April 10, 1954, had declared that the sum of $6,211.91 was an advancement to Elmer Jansen and should be charged against him in the distribution of the estate. The petition for final distribution failed to mention the fact that on April 15, 1954, an appeal was taken from the judgment rendered by the trial court on April 10, 1954. Notice of final settlement was published for four weeks and a copy of the published notice was sent to Elmer Jensen. Raymond B. Whitaker, attorney at law, had appeared for Elmer Jansen in the action to determine whether or not the $6,211.91 was an advancement but no notice was served upon him. Elmer Jansen did not appear in this matter nor did he file any objection, nor ask that the final determination therein be stayed until the disposition of the appeal above mentioned.

On October 21, 1954, the matter of the final accounting and final distribution of the estate of Fred Jansen, deceased, came on for hearing before the Honorable S. J. Lewis, Judge of the District Court of the Seventh Judicial District. His decree also

mentioned the judgment of Judge McAvoy, dated April 10, 1954, but made no mention whatsoever of the appeal which had been taken from that judgment or that the record on appeal in that matter was then pending in this court.

After the mandate of this court had gone down to the lower court, the Honorable Preston T. McAvoy, on December 12, 1955, made and entered an order pursuant to the decree of this court to the effect that the sum of $6,211.91 was not an advancement to Elmer Jansen as theretofore directed by him.

On December 28, 1955, Elmer Jansen, by his attorney, filed a motion in the matter of the estate of Fred Jansen, deceased, setting forth the judgment of Judge McAvoy, dated April 10, 1954, adjudging that the sum of $6,211.91 was an advancement; that an appeal was taken from that judgment; also the order of December 12, 1955, of Judge McAvoy, changing his judgment in accordance with the decision of this court. The motion further set forth the fact that the petition for final distribution failed to note the fact that an appeal had been taken from the judgment of Judge McAvoy and asked substantially that the order of final distribution be corrected to conform with the decision of this court so that Elmer Jansen might properly participate in the distribution of the estate of the deceased. Notice of the motion was duly given. That motion came on for hearing before Honorable S. J. Lewis on February 3, 1956, and he then entered judgment reciting among other things the following:

"3. That said Final Account and Petition for Distribution together with the Order drawn for the signature of this Court was presented to this Court in chambers without the complete Court file and, thereupon, the Court, without being advised of the

fact that said Decree of Advancement of this Court was being appealed by the said Elmer Jansen to the Supreme Court of the State of Wyoming, did sign that certain Order and Decree of Distribution on October 21, 1954, wherein it was stated, recited and ordered that the said Administrator make no payment of any portion of said proceeds of said estate to Elmer Jansen until the said Elmer Jansen's portion of said estate should exceed the sum of $6,211.91; and that the interest of said Elmer Jansen in said estate be charged and impressed with a lien of $6,211.91; and that the share of the said Elmer Jansen in said estate, which amounted to $1,315.89, be distributed equally among the nine remaining heirs in the sum of $146.21 to each of the heirs.

"4. That at the time of making and entering said Order and Decree of Distribution, said estate was not in condition for final settlement in accordance with the provisions of Section 6-2305, Wyoming Compiled Statutes, 1945.

"5. That the failure to allege in the Final Account and Petition for Distribution the fact that the Decree of Advancement of this Court was being appealed to the Supreme Court of the State of Wyoming was such an irregularity in obtaining said Order as to require the vacation of the Order and Decree of Distribution made herein on the 21st day of October 1954."

The court found the administrator had wrongfully distributed to himself and to other heirs $13,158.90 and of that sum Elmer Jansen is entitled to $1,315.89. The court thereupon decreed as follows:

"1. That the Order and Decree of Distribution made herein on the 21st day of October 1954, be, and the same is hereby, vacated and set aside.

"2. That the administrator of the above entitled estate, Joseph G. Jansen, is directed to forthwith pay in to this Court the sum of $13,158.90, which sum has been distributed to the heirs of the above named decedent."

From this judgment entered on February 3, 1956, the administrator has appealed to this court. He will be referred to herein as the appellant.

Section 6-2305, Wyoming Compiled Statutes 1945, provides that notice of final settlement and distribution must be given "whenever an estate is in condition for final settlement." It would seem the estate here involved was hardly in that condition if the appeal from the judgment of Judge McAvoy, relating to advancement, was properly taken. Counsel for appellant herein maintains that the order of Judge McAvoy was not an appealable order, and he gives that as an excuse for the failure to mention the appeal in the petition for final distribution. In looking over the records in this court relating to that matter, we find the same contention of non-appealability of Judge McAvoy's order was made in the brief of counsel for appellant when the appeal was pending in this court. The decision of this court in In re Jansen's Estate, 74 Wyo. 152, 284 P.2d 1086, does not refer to that point, but the contention now made must be considered as having been overruled by implication, and is now res judicata.

Counsel for appellant contends that since Elmer Jansen did not appeal in the matter of the final distribution of the estate after notice duly given to him, he is bound by the decree rendered on October 21, 1954. But he was not compelled to relitigate the matter already decided. About all he could have done would have been to call the court's attention to the fact that an appeal from Judge McAvoy's judgment had been taken. However that such an appeal had been taken was already a matter of record, of which the court should have been advised by counsel for appellant. Hence we are not prepared to hold that

the order of Judge Lewis of October 21, 1954, was due to the fault and neglect of Elmer Jansen.

Appellant strenuously contends the court had no power to modify its decree of October 21, 1954, after the term, and that the order vacating or modifying that order on February 3, 1955, was after the term. Section 3-3801 W.C.S. 1945 provides that the district court may modify its judgment after the term for "irregularity in obtaining a judgment or order." This provision is made applicable in probate matters by § 6-2709 W.C.S. 1945. Counsel for appellant contends no irregularity in obtaining the judgment of October 21, 1954, appears herein. He cites Bank of Commerce v. Williams, 52 Wyo. 1, 69 P.2d 525, 110 A.L.R. 1463, which defines an irregularity as a want of adherence to some prescribed rule or mode of proceeding, either in omitting to do something necessary in the orderly conduct of the suit, or in doing it at an unreasonable time or in an improper manner. Many definitions in similar terms are found in Words and Phrases under the term "irregularity." We are inclined to think it would not be too farfetched to say that the court, when it made its order of October 21, 1954, omitted something necessary to the orderly conduct of the proceeding, namely, in not noting the notice of appeal on file, of which counsel for appellant should have advised the court. In Gray v. Robinson, 33 Cal. App.2d 177, 91 P.2d 194, the court indicated that no accurate classification of "irregularities" can be made. In Burris v. Reinhardt, 120 Kan. 32, 242 P. 143, and in Phoenix Mut. Life Ins. Co. v. Aby, 144 Kan. 544, 61 P.2d 915, it was held that the term "irregularity" must be given a broad enough meaning to cover a case where the court has acted upon an erroneous understanding of the facts. That is the situation in the case at bar, the responsibility for which must be laid at the door

of the appellant. He cannot be permitted to gain an advantage from his failure to inform the court of the facts of which he had full knowledge.

The judgment of the trial court is affirmed.

AFFIRMED