No. 32,136

THE PRUDENTIAL BUILDING AND LOAN ASSOCIATION, *Appellant,*
v. E. T. GREENLEE et al., *Appellees.*

(43 P. 2d 217)

Opinion filed April 6, 1935.

*R. C. Russell,* of Great Bend, for the appellant.

*William Osmond, Elrick C. Cole* and *T. B. Kelley,* all of Great Bend, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: In an action to foreclose a real-estate mortgage, on plaintiff's motion to confirm the sheriff's sale and to fix the period of redemption, the court confirmed the sale and fixed the period of redemption at eighteen months. Plaintiff has appealed, and contends the mortgage foreclosed was a purchase-money mortgage; that less than one-third of it had been paid, and that the period of redemption should have been fixed at six months.

The question presented is one of law. There is no substantial controversy about the facts, which may be stated as follows: In June, 1919, John Bales, who then owned the real property, contracted to sell it to G. E. Planck, and as a part of that contract executed a mortgage for $2,500 to the building and loan association,

and also contracted to purchase on installments stock of the association of the face value of $2,500. He conveyed the property to Planck, who assumed and agreed to pay the mortgage and take over the contract to purchase the stock. The mortgage was for the full purchase price of the property, and was a mortgage given for the purchase price of the property within the meaning of R. S. 60-3466. (See *Langworthy v. Martin*, 129 Kan. 159, 281 Pac. 870.) Planck held the property about two years, during which time he paid the monthly interest on the mortgage and also the installment dues upon the shares of stock. He then sold the property to one Schultz, who assumed and agreed to pay the mortgage, and took over the contract to purchase the shares of stock. Schultz borrowed from the building and loan association an additional $500, giving a second mortgage on the property, and also contracted to purchase additional shares of stock. In 1923 Schultz conveyed the property to Greenlee, who in turn borrowed an additional $1,000 on the property and contracted to purchase additional shares of stock. In June, 1931, Greenlee conveyed the property to the Citizens National Bank, subject to these several mortgages, and assigned to the bank his contracts to purchase stock. Prior to that time there had been paid by the respective owners of the property on these several contracts to purchase shares of stock in the association sums which, with dividends credited to such stock, aggregated $1,615.23. The bank, by one of its officers, requested the building and loan association to credit upon the mortgages on the property the then value of the several issues of stock. The building and loan association agreed to that, and the shares of stock were canceled and their then value credited upon the last mortgages and taxes then due, and the balance, $200, credited upon the first mortgage of $2,500. This is the mortgage that was foreclosed because of default of later payments. It was the original purchase-money mortgage, was for the full amount of the purchase price, and less than one-third of it has been paid. Under the statute (R. S. 60-3466) the period of redemption should have been fixed at six months.

The evidence disclosed that payments made on the first shares of stock taken out, with dividends thereon, had amounted to more than $1,100 at the time they were applied, as directed by the then owner of the property. Appellee argues this should be construed as a payment upon the first mortgage of $2,500, and if so construed amounted to more than one-third of that mortgage. Apparently

the trial court took that view. The contention is erroneous. The present value of the shares of stock was not credited upon the loan until the parties agreed to make the credit, and at that time and by that agreement the credit was made upon the subsequent loans. Under the plan and by-laws of the building and loan association the shares of stock purchased and paid upon by the borrower, while held by the building and loan association as additional collateral to his loan, were just as separate and distinct, so far as a credit upon the mortgage was concerned, as though he had those shares of stock in some other association. Under the by-laws they would not be credited upon the loan until they became of sufficient value to cancel the loan. In the event of a foreclosure of the mortgage while the stock still was held by the association the court would have been required, under the statute (R. S. 17-1010), in its judgment of foreclosure, to give credit on the mortgage for the then value of the shares of stock; but there was no foreclosure while the stock still was outstanding. Here, by the request of the owner and the consent of the building and loan association the value of the stock had been credited upon the third and second loans, upon taxes, and the balance upon the first loan. It is not contended the parties did not have a right to agree to so credit the value of the shares of stock. The result is that the only credit made on the first loan was the $200.

Appellee contends appellant cannot be heard on this matter for the reason that he filed no motion for a new trial. The hearing held by the court was upon a motion to confirm the sale and to fix the period of redemption. No motion for a new trial is necessary to review the order of the court made upon the hearing of such a motion.

The result is the judgment of the court must be reversed with directions to the court to fix the period of redemption at six months. Since that time has expired appellee is given sixty days from the date this opinion is filed within which to redeem, but unless redemption is made this order shall not otherwise affect the rights of the parties.

Reversed, with directions.