No. 33,049

A. G. DENGEL and H. E. BRIDGENS, *Appellants*, v. C. A. LOWDER, Trustee; E. A. BENSON, CLAY E. COBURN, K. D. CROCKETT, J. P. FOX, E. W. JOHNSTON, B. R. LANE, C. A. LOWDER, H. W. MC-KEAN, E. R. SLAWSON and R. K. STILES, *Appellees*.

(62 P. 2d 866)

Opinion filed December 12, 1936.

*James F. Getty,* of Kansas City, for the appellants.
*James P. Fox,* of Kansas City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for breach of an express contract to pay the taxes on certain property during the time it was occupied by defendants under an option to purchase it.

It appears that on November 23, 1929, the plaintiffs entered into a certain contract with one Harry Stauffer and wife, concerning the disposition of parts of two town lots in an addition to Kansas City. The terms of this contract are lengthy and intricate, but among details of no present concern it provided that in consideration of $1,581.04 paid by Stauffer and wife, plaintiffs gave them an option to purchase the property for $4,500, on or before December 23, 1929, with provision for the extension of that option from month to month by the payment of monthly installments of $35.

The contract also provided that if Stauffer and wife should keep

the option in force by making the prescribed monthly payments, and should exercise their option to purchase the property on or before December 23, 1934, the plaintiffs would give them credit on the agreed purchase price for all such monthly payments of $35, less deduction for interest.

The contract further provided that during the occupancy of the property by the Stauffers or by their tenants, they would pay the taxes and special assessments for 1930 and all subsequent years at such seasonable times as would avoid the imposition of penalties for delinquency of payment, but—

". . . in the event of said second party [the Stauffers] failing to . . . pay said special assessments, taxes and amounts as for interest as aforesaid, then in that event the right to occupy said real property shall at once cease and determine and second party agrees to at once surrender and give possession of said real property to the first party, and that first party may at once take possession thereof without notice or may eject said second party therefrom, either by suit in forcible detainer or otherwise . . . *and it is further agreed and understood that said second party is not hereby obligated to purchase said real property or to pay any sum by this contract, except if he occupies said premises in person or by tenant, to pay the insurance, taxes, special assessments and interest as provided herein.*" [Italics ours.]

About three months after the execution of the foregoing contract, Stauffer and wife assigned it to one Radenich and wife; and about six months later, on August 11, 1930, Radenich and wife, with the consent of plaintiffs, assigned it to this defendant C. A. Lowder, trustee. Pursuant thereto Lowder, trustee, and certain other persons, defendants herein, took possession of the town lots in controversy and were still in possession of them when this action was begun, May 29, 1935; but defendants failed to pay the taxes and special assessments for the years 1932 and 1933.

As a second cause of action plaintiffs alleged that on May 25, 1934, they entered into a certain further contract with C. A. Lowder, trustee, who was the authorized agent for all the defendants—which contract took cognizance that the defendants through Lowder, as trustee, had taken possession of the property on August 2, 1930, by assignment of the original option to Stauffer and wife, dated November 23, 1929. This latter contract reiterated the rights and liabilities of the original assignors, including specifically the assurance that Lowder as trustee was not obligated to purchase the property or to pay any sum by this contract—

". . . except if he occupies said premises in person or by tenant to pay the insurance, taxes, special assessments, tax bills and interest provided herein."

Plaintiffs alleged that defendants through their agent, Lowder, trustee, had occupied the property ever since the date of the last mentioned contract until the time of filing this lawsuit, but had failed to pay the taxes, special assessments which were levied on the property during such period of occupancy, to wit, for the years 1932, 1933 and 1934.

Substantially the same facts, or apparently the same, were formulated as a third cause of action, but its recitals need give us no present concern.

The answer was a general denial.

Evidence was adduced by plaintiffs which included the original contract, its assignment and transfer to Radenich and wife, and from them to defendants, and also the further contract of May 25, 1934, between plaintiffs and defendants. Evidence was also adduced that the taxes had been permitted to become delinquent and remain unpaid as alleged in plaintiff's petition although defendants had occupied the property.

Defendants adduced evidence which showed certain sums which had been paid to plaintiffs on principal and interest and also certain expenditures for repairs.

The evidence disclosed no material controversy over the pertinent facts. The record contains remarks of court and counsel touching their respective views of the meaning and significance of the contract. The trial court concluded thus:

"Well, it is my opinion that under this contract—its terms carry the provision that in the event the optionee does not pay these things, the optioner has the right to take possession away from him and let it stand that way until the final payment comes around, and then collect from the optionee all of those taxes and things that he was supposed to pay while he occupied the premises. I say, it is my opinion that that is the only remedy that the plaintiffs have. While it may result in loss to them, that is the contract as I read it, and the only thing that the seller can do is to await the time when the option payments have been made, and he is called upon to make a deed, and then demand that they pay the amounts that become due while they did occupy it. Now, in this case it is said that they tendered back the property, but that was not done until after these taxes had become due. But I don't think you can have a judgment for the plaintiffs for those taxes which have not been paid. Of course, they become a lien—that is true—because the contract itself provides what the result is, if they fail to do those things.

"It may be that the court is wrong about it—I would like to see it decided; but that is my best judgment on it."

Findings of fact and conclusions of law were made in accordance with the court's opinion, and judgment was entered for defendants.

Plaintiffs appeal, and the single and simple question for our review has to do with the challenged correctness of the trial court's interpretation of the contract.

Counsel for these litigants have managed to make quite a lawsuit out of what, to this court, seems a very simple matter. The contract, indeed, is a marvel of verbosity, but one feature which is repeatedly stated in its terms is the language we have italicized above, and which can only mean what it says, that defendants are not obligated to pay anything on this contract except, if they occupy said premises in person or by tenant, they are obligated to pay the taxes and other details not now insisted on.

Neither the trial court nor counsel for defendants attach any significance to this feature of the contract. This court feels constrained to hold that it means what it says. To us it seems beside the point to dwell upon what privileges the defendants would enjoy if they chose to exercise their option to pay for the property. They did not choose to do so. In that situation where do they stand? The answer is they are not obligated to pay anything except what is set down in the contract—if they occupy the premises they must pay according to the contract.

Noting some arguments advanced by defendants in support of the judgment, it does not relieve defendants, in our opinion, from compliance with their obligation resting on their occupancy of the premises that plaintiffs have not paid the taxes. This is not an action to be reimbursed for taxes paid, but for breach of contract to pay them.

Defendants also cite R. S. 1933 Supp. 79-3101 *et seq.*, which provides that a mortgage on real property cannot be foreclosed unless the proper registration fee is paid. This contract is not a mortgage and the cited statute has nothing to do with this lawsuit.

Defendants also cite the statute, R. S. 1933 Supp. 67-251, which defines the rights and liabilities of parties to an option contract. But nowhere in that statute or elsewhere in Kansas law will a rule be found which forbids parties to an option contract to add another obligation thereto which shall define the liability of the optionee who occupies the property but chooses not to exercise his option to purchase.

It seems clear that there is no defense to plaintiff's action, and the judgment of the district court is reversed and the cause remanded with instructions to enter judgment as prayed for in plaintiff's petition.