No. 33,445

HOME OWNERS' LOAN CORPORATION, *Appellant*, v. JAMES DMITRO
JAREMKO et al., *Appellees*.

(69 P. 2d 1096)

Opinion filed July 10, 1937.

*Elmer E. Martin*, of Kansas City, for the appellant; *George S. Allen*, of
Topeka, of counsel.

*O. Q. Claflin, III*, of Kansas City, for the appellees; *C. Clyde Myers*, of
Kansas City, of counsel.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage on real es-
tate. Judgment was for plaintiff foreclosing the mortgage and fixing
the period of redemption at eighteen months. Plaintiff appeals from
that part of the judgment giving the defendant eighteen months in
which to redeem.

The action was tried on an agreed statement of facts. As far as
we are concerned they are as follows: May 18, 1931, defendants en-
tered into a contract with the owners of the property in question.
By the terms of the agreement defendants were given the option of
purchasing the property, but were not obligated to do so. Time was
of the essence of the contract. The contract provided for a thirty-
day option to buy the property and that on the payment of a stated
amount each month the option should be extended thirty days. The
contract also contained the following provision:

"But it is hereby agreed and understood that no title, interest or estate in said premises is conveyed by this agreement to second party but only the right to purchase said real property if he so chooses, in accordance with the terms of the option hereby given . . . and it is further agreed and understood that said second party is not hereby obligated to purchase said real property or to pay any sum by this contract, except if he occupies said premises in person or by tenant to pay the insurance, taxes, special assessments, tax bills and interest as provided herein."

The record discloses that at the time defendants entered into this contract the agreed sale price of the real estate in question was fixed at $3,750. Of this, defendants paid $1,010 in cash when they entered into the contract in 1931. During the time they occupied the real estate under the so-called option contract they had paid $199.17 on the principal and $353.02 on the interest. At the time they executed the mortgage that is being foreclosed in this case there were some taxes and interest due, so they borrowed $2,805.55 from plaintiff. Of this, $2,540.83 went to the sellers of the real estate and $264.72 was used in paying taxes and expenses of getting the loan. It will be seen that one third of the purchase price of the real estate was $1,250 and that defendants had paid $1,209.17, within $41 of one third of the total amount. The trial court found, in part, as follows:

"That said contract of May 18, 1931, amounted to an arrangement whereby the first parties named therein retained the title to secure the payment of the balance of the purchase price and is in effect an equitable mortgage. That by furnishing to the defendants and paying to John Lacy more than two thirds of the sum of $3,750 agreed upon as the sale price, the plaintiff did not pay the purchase price of said property but did refinance an equitable mortgage and is not therefore entitled to have the period of redemption reduced to six months.

"That plaintiff's note and mortgage include an excess over and above the amount devoted by defendants to the payment of the amount due on the contract of May 18, 1931, and as to that amount defendants are entitled to a right to redeem regardless of whether the balance of the mortgage is a purchase-money mortgage, and are therefore entitled to remain in possession of said property for eighteen months from the date of sale."

In accordance with this finding the court gave judgment for plaintiff for the amount prayed for and fixed the period of redemption at eighteen months. The plaintiff appeals from that part of the judgment fixing the period of redemption at eighteen months and contends it should have been fixed at six months because the mortgage was a purchase-money mortgage and was for more than two thirds of the purchase price of the land. (G. S. 1935, 60-3466.)

In arriving at this conclusion plaintiff argues that the purchase

price of the land was $3,750 and the amount of the mortgage was more than two thirds of this amount. Plaintiff argues that the option contract did not bind the defendant to buy the real estate; that the option contract was just what its terms imply, and nothing more, and that the right of defendants to obtain the title and become the owners of the property was dependent on the payment of the amount of money set out in the contract as the purchase price.

The theory of the trial court and of defendants is, as disclosed by the findings quoted, that the mortgage foreclosed here was given to refinance an equitable mortgage and hence was not a purchase-money mortgage. We may begin our consideration by concluding that where a mortgage is given to secure funds with which to satisfy a mortgage which is already on the property it is not a purchase-money mortgage under the terms of G. S. 1935, 60-3466. (See *Verdon State Bank v. Smyth*, 137 Kan. 1, 18 P. 2d 897; *Union Central Life Ins. Co. v. Kershaw*, 137 Kan. 819, 22 P. 2d 481, and *Phoenix Mutual Life Ins. Co. v. Aby*, 144 Kan. 544, 61 P. 2d 915.)

A contract substantially the same as the one we are considering in this case has been held to be a contract for the sale of real estate. In *Marquez v. Cave*, 134 Kan. 374, 5 P. 2d 1081, the question at issue was whether the seller or optioner would be entitled to all the proceeds of a fire insurance policy or whether the buyer or optionee would be entitled to share in the proceeds as his interest might appear. The seller argued that the contract was a mere option. The court said:

"The point is not well taken. Clearly the contract is not a simple option. It not only fixes the price of the property, but gives credit 'on the purchase price' of the $400 down payment, provides that the monthly payments in excess of interest shall reduce the sum to be paid, and for the ultimate conveyance of the property when full payment has been made. It is true that it is headed 'Option Agreement,' and contains many words and phrases suitable or common in pure option agreements, but these do not destroy the obvious purpose and nature of the contract. The contract should have been drawn fairly to represent the tranaction in which the parties were engaged. To mingle into it terms and expressions with respect to an option foreign to the real purpose of the parties tends only to confusion." (p. 376.)

This court further held that the buyer was entitled to have the amount of his interest in the property paid even though the seller had a mortgage on the property for more than the amount of the loss.

In *Ditzen v. Given*, 139 Kan. 506, 32 P. 2d 448, this court again

considered a contract substantially the same as this one. There the buyer failed to comply with some of the terms of the contract. The seller brought an action to compel specific performance. The buyer defended on the grounds that he had not elected to purchase under the contract but had elected not to purchase. The trial court held that the contract was one for the purchase and sale of real property and that the seller was entitled to specific performance. On appeal this court held that the contract was one for the purchase and sale rather than an option. *Marquez v. Cave*, supra, was followed. This court went further than this. The decree of specific performance was reversed because the mortgage registration fee had not been paid in accordance with the provisions of G. S. 1935, 79-3107. Pursuant to the provisions of G. S. 1935, 79-3101, this contract was dealt with as an executory contract for the sale of real estate.

It is well settled, therefore, that a contract such as we are considering here is not merely an option but is a contract for the sale of real estate.

Should the argument of plaintiff be followed, then no matter how long the buyer or optionee should remain in possession and make the payments as required and comply with the other requirements of the contract, the minute he failed to comply with them he could be let out, his rights in the property being forfeited.

This practice has never had the approval of this court, nor does G. S. 1935, 67-251, contemplate that there could be such a result. Where the enforcement of the forfeiture provisions of a contract for the sale of land would be inequitable the forfeiture will not be decreed. (See *National Land Co. v. Perry*, 23 Kan. 140; *Lumber Co. v. Horrigan*, 36 Kan. 387, 13 Pac. 564; *Geffert v. Geffert*, 98 Kan. 57, 157 Pac. 384, and *Holman v. Joslin*, 110 Kan. 679, 205 Pac. 629.) This is true even where time is made the essence of the contract as was the case here.

In this case, as we have seen, the buyers had paid almost a third of the original purchase price of this real estate and for some years had kept the taxes paid and had met the other requirements of the contract. The original seller of property is not here now urging a forfeiture, because he was paid in full when the mortgage was made. From February 2, 1933, until April 5, 1934, when the mortgage in this case was made no payments were made, and as far as this record stands there was no disposition on the part of the sellers to declare the contract forfeited. They seem to have been willing to wait

until the buyers could in some way secure the money and finish paying on the contract. Under such circumstances this court holds that by making the substantial payments they did make on the contract the buyers acquired more of an interest in the property than that of mere option holders. Since we have reached this conclusion it follows that the purchase of this property took place in 1931 when defendants first entered into the contract for the purchase of the real estate in question, and the mortgage in this case is not a purchase-money mortgage.

Plaintiff contends that the contract of purchase in this case cannot be construed to be an equitable mortgage and cites *Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923; *Heard v. Gephart,* 118 Kan. 82, 233 Pac. 1044, and *Dengel v. Lowder,* 144 Kan. 735, 62 P. 2d 866. These opinions consider contracts somewhat similar to the one here and support the view in general that is urged by plaintiff here. In these cases, however, there were not the equitable considerations that we have in this case. The same may be said of the opinion in *Home Owners' Loan Corp. v. Torrey,* post, p. 332.

The judgment of the trial court is affirmed.