No. 33,772

The Home Owners' Loan Corporation, *Appellee,* v. Floyd W. Sanford and Josephine Sanford, Husband and Wife, et al., *Appellants.*

(77 P. 2d 937)

Opinion filed April 9, 1938.

*J. N. Tincher, Clyde Raleigh* and *Leaford F. Cushenbery,* all of Hutchinson, for the appellants.

*H. E. Ramsey, J. S. Simmons* and *A. L. Fenn,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an action to foreclose a mortgage on real estate. Judgment was rendered for the plaintiff, foreclosing the mortgage and fixing the period of redemption at six months. Defendants appeal from that part of the judgment fixing the redemption period, contending they are entitled to eighteen months in which to redeem.

On April 17, 1928, defendants entered into a written contract with the Suburban Investment Company to purchase a home in the city of Hutchinson on the monthly payment plan. The agreed purchase price was thirty-one hundred fifteen dollars. Three hundred dollars was paid in cash, and the balance, with accruing interest, was to be paid in monthly payments as specified in the contract. The contract further provided:

"And the said party of the second part hereby agrees to purchase lands above described, upon the terms and conditions herein mentioned, and agrees to pay the payments of principal and interest as above specified; also all taxes hereafter to be assessed or levied against said property, including the taxes for the year 1928.

"It is also further agreed by the said party of the first part, that upon a full compliance with all the terms and conditions of this agreement on the part of the said party of the second part, and said party of the first part will give or cause to be given, to the said party of the second part, her heirs or assigns, a good and sufficient deed of general warranty for the premises aforesaid, together with abstract showing a merchantable title to date of this contract.

"It is also agreed that the said party of the second part shall have immediate possession of said premises, to use and improve in a husbandlike manner.

"It is also mutually agreed between the parties that if the said party of the second part fail or neglect to pay all taxes and assessments levied against said lands, within thirty days from the date when the same shall become due and payable according to law, or if the said party fail to pay any of the payments of principal or interest for thirty days from the date when the same becomes due and payable, as herein stipulated, then this agreement shall be deemed a rental contract at the option of the party of the first part, and all payments made by the second party shall be deemed rental payments for the use and occupation of said premises, and second party shall and will on demand, surrender the possession of said premises to the party of the first part, or its assigns, and second party shall be released thereafter from further liability under this contract."

The defendants became delinquent in the payments as specified in the contract, and in February, 1934, made application to the plaintiff for a loan "for the purpose of financing said contract." In March, 1934, the loan was made to the defendants in the sum of $2,289.57, and this money was applied to pay the debt due the Suburban Investment Company, and for taxes, abstracts and other expenses in closing the transaction.

The trial court found that at the time this loan was made by the plaintiff, defendants had paid to the Suburban Investment Company a total amount of $886.10.

Defendants contend "that the mortgage in question cannot be a purchase-money mortgage because, first, the property was purchased and the sale made on April 17, 1928, at which time the contract before referred to was entered into, and, second, that when appellants, over a period of five years, had paid a substantial amount, which was slightly less than one third of the purchase price, that such a contract must be construed to be an equitable mortgage."

The trial court found that the money advanced by the Home Owners' Loan Corporation was used for the purchase of this property from the Suburban Investment Company. The court further found that the mortgage to the plaintiff was a purchase-money mortgage, and as less than one third of the purchase price had been paid, the defendants, under the plain language of the statute (G. S. 1935, 60-3466), should have only a period of six months in which to redeem.

We think the conclusion reached by the trial court is correct. The statute, G. S. 1935, 60-3466, provides that whenever a lien shall be given for the purchase price of any real estate, and default shall be made in the conditions of the mortgage or instrument giving such lien before one third of the purchase price shall have been paid, etc., then upon foreclosure and sale the period of redemption shall be six months. In this case the proceeds of the loan made by the plaintiff to the defendants having been applied to pay the balance due the original vendor, the mortgage given to secure this borrowed money was as definitely and certainly a purchase-money mortgage as if given to the original vendor. (*Ruf v. Grimes,* 104 Kan. 335, 179 Pac. 378. See, also, *Home Owners' Loan Corp. v. Torrey,* 146 Kan. 332, 69 P. 2d 1096, and cases there cited.) We have examined the record and find no equitable considerations that would prevent the application of the rule announced in the Torrey case.

The judgment is affirmed.