### No. 33,775

THE HOME OWNERS LOAN CORPORATION, *Appellee*, v. CLARA C. HOLMBERG and G. E. HOLMBERG, *Appellants*.

(79 P. 2d 859)

Opinion filed June 11, 1938.

*Omer D. Smith,* of Salina, for the appellants.

*George S. Allen,* of Topeka, and *Forrest J. Horton,* of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to foreclose a real-estate mortgage which the court found to have been given for the purchase of the property, less than one third of which purchase price had been paid. The period of redemption was fixed at six months, in accordance with G. S. 1935, 60-3466. The appeal is from an order overruling defendants' belated motion, in which the court was asked to modify its judgment and to fix the period of redemption at eighteen months.

Briefly stated, the facts are these: Defendants purchased a residence property in Salina in 1919, which later they mortgaged to the Homestead Building and Loan Association. They permitted this mortgage to become in default and it was properly foreclosed. At the sheriff's sale the property was purchased by the building and loan association and a sheriff's deed was issued to it in 1932, and thereafter it went into possession of the property and received the income from it. Defendants vacated the property, claimed no further interest in it, and moved to Chicago, where they lived about a year.

In 1934 the Home Owners Loan Corporation had been organized by an act of congress. Among other things it was "authorized to exchange bonds and to advance cash to redeem or recover homes lost by the owners by foreclosure . . . subsequent to January 1, 1930." (U. S. C. A., Title 12, § 1463 g.) Acting under this statute, defendants undertook to reacquire the property which they had lost by foreclosure. The building and loan association agreed to accept bonds of the HOLC for a stated amount and to convey the property to defendants. This plan was carried out. The HOLC turned its bonds over to the building and loan association and it conveyed the property to defendants, and they went into possession of the property. In acquiring it they executed a mortgage to the HOLC for the amount of the bonds it had delivered to the building and loan association. Defendants permitted this mortgage to become in default, and the present action was to foreclose that mortgage. There was personal service on defendants, they made no appearance, judgment of foreclosure was entered, the property sold and bid in by the HOLC, and the period of redemption was fixed at six months. This judgment was rendered November 27, 1936. The property was sold and the sale confirmed on January 25, 1937. In the petition to foreclose this mortgage plaintiff alleged that the mortgage was given for the purchase price of the property, that less than one third of such purchase price had been paid, and asked the court to fix the period of redemption at six months. Based on these allegations, the court in its decree of foreclosure fixed the period of redemption at six months.

After the term of court at which this judgment was rendered, and at which the sale was confirmed, and on July 24, 1937, defendants filed a motion to modify the judgment. In this it was alleged that the court erroneously fixed a shorter period for redemption than that allowed by the statute; that the allegations of plaintiff's petition to the effect that defendants had paid less than one third of the purchase price were inaccurate and misleading, and that the court acted on a misunderstanding of the facts, and alleged the facts to be that they had paid more than one third of the purchase price, that defendants permitted judgment to be taken by default because of a misapprehension as to what the allegations of the petition were, and upon their belief and understanding that the period of redemption would be eighteen months, and that they had not been advised that

the period of redemption had been fixed at six months until after the term of court at which the judgment had been rendered.

The motion to modify the judgment because of alleged inaccuracies in the allegations of the petition on which the judgment was rendered, and because of defendants' alleged misunderstanding as to the allegations of the petition, is not one authorized by G. S. 1935, 60-3007, or by 60-3010, or by any other section of the code which has been called to our attention. The time for defendants to learn what the petition alleged was before judgment was taken upon it. They had ample opportunity to do so, since they were personally served with summons. The term of court having expired, the trial court had no judicial discretion in the matter aside from the provisions of the code. These considerations amply justified the ruling of the court denying the motion.

Appellants contend, however, that when they acquired the title from the building and loan association and made the mortgage to the HOLC they were not purchasing the property, but were redeeming from the former foreclosure. We are unable to see merit in this contention. Their time to redeem under the former foreclosure had long since expired. Their previous title to the property had been extinguished by a sheriff's deed, the validity of which is not questioned. They had no further right to redeem under any statute or order of the court. They were in fact repurchasing the property. The mortgage which they gave to the HOLC to obtain the funds to enable them to purchase the property from the building and loan association was a mortgage given for the purchase price of the property within the meaning of our statute, as construed by all of our former decisions on the point. (*Langworthy v. Martin,* 129 Kan. 159, 281 Pac. 879; *Prudential Bldg. & L. Ass'n v. Greenlee,* 141 Kan. 667, 43 P. 2d 217; *Home Owners Loan Corp. v. Torrey,* 146 Kan. 332, 69 P. 2d 1096.)

We find no error in the record. The judgment of the court below is affirmed.