No. 33,965

HOME OWNERS LOAN CORPORATION, *Appellant*, v. GEORGE E. DALTON et ux, *Appellees*.

(83 P. 2d 624)

Opinion filed November 5, 1938.

*T. F. Morrison*, of Chanute, and *George S. Allen*, of Topeka, for the appellant.

*Guy W. Von Schriltz*, of Pittsburg, and *J. W. Dalton*, of Sedan, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the mortgagee in a foreclosure action from the ruling of the trial court, upon a rehearing of the matter, fixing the period of redemption at eighteen months instead of six months, as it was originally fixed. There are therefore two matters ·here for consideration: first, whether the district court had power and authority to vacate or modify its own judgment or order after the term at which the judgment or order was

rendered; and second, whether the mortgage being foreclosed was a purchase-money mortgage.

Personal service was had on the defendants in this action and they filed an answer in the form of a general denial, and they also denied that the mortgage being foreclosed was a purchase-money mortgage. Judgment was rendered in favor of the plaintiff and the property was ordered to be sold by the sheriff, but no finding was made as to whether or not the mortgage was a purchase-money mortgage and no ruling was made as to the length of the period of redemption. On the motion to confirm the sheriff's sale both parties were represented, the sale was confirmed and the mortgage was found to be a purchase-money mortgage and the period of redemption was reduced to six months. This ruling was made on February 12, 1938. Two days later, or February 14, 1938, the defendants filed a motion for a new trial or modification of these rulings as to the mortgage being a purchase-money mortgage and as to the length of the period of redemption. On March 3, 1938, a rehearing was granted by the trial court and additional evidence was introduced and the district court changed the ruling as to the kind of a mortgage it was and as to the period of redemption, making it eighteen months instead of six months. The new term began on February 21, 1938, so this granting of a rehearing or new trial on these particular points was at a subsequent term of court, although less than a month had passed since the original hearing and ruling on the motion to confirm the sheriff's sale. Under several rulings, the strongest and most recent of which is *Federal Land Bank v. Richardson,* 146 Kan. 803, 73 P. 2d 1005, it was held:

"A motion asking the court to reconsider its rulings or orders made on the hearing of a motion to confirm a sale in an action to foreclose a real-estate mortgage, and to find the reasonable value of the property sold, by whatever name called, is a motion addressed to the court's judicial discretion, which it has jurisdiction to pass upon at the term of court at which the order was made, but not thereafter." (Syl. ¶ 3.)

In support of this ruling the opinion cites *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41; *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015; and *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032.

Appellant cites *Publishing House v. Heyl,* 61 Kan. 634, 60 Pac. 317; *Barnett v. Insurance Co.,* 78 Kan. 630, 97 Pac. 962; and *Home Owners Loan Corp. v. Holmberg,* 148 Kan. 50, 79 P. 2d 859. In the first of the cases last cited it was contended that as the judgment

could not be set aside and a new trial granted in accordance with the method pointed out by the code, the assistance of equity might be invoked to effect that end, but the court held that the procedure provided in the code must be followed. In the Barnett case it was held that a valid judgment cannot be vacated except for cause and within the provisions of the statute made for that purpose. The last case above cited is very similar to the case at bar except in three particulars: first, the defendants, served personally, did not make any defense; they surrendered possession of the property and changed their residence to another state; second, the court, in its decree of foreclosure, fixed the period of redemption at six months, whereas in the case at bar it made no ruling whatever on that matter until the motion was made to confirm the sale; third, no effort was made by the defendants to defend or protect their rights in the matter by answer or otherwise until nearly eight months after the judgment was rendered and nearly six months after the sheriff's sale was made and confirmed. A motion was then made to modify the decree of foreclosure, and the court held it was properly overruled.

The motion made by the defendants in the case at bar was filed within time and was made as soon as it could have been made to cover the two questions involved, namely, whether the mortgage being foreclosed was a purchase-money mortgage, and whether the period of redemption should be eighteen months or six months, because no ruling was made upon these two questions, or either of them, when the judgment was rendered. They were both definite and specific issues under the pleadings, the petition alleging that the mortgage was a purchase-money mortgage and less than one third the purchase price had been paid, and that the period of redemption should be six months. The defendants in their answer not only put these points in issue by a general denial but also by a special denial, both parties referring in their pleadings to the particular section of the statute with reference to these matters, namely, G. S. 60-3466.

The defendants, in their motion for new trial or rehearing, referred to the erroneous ruling of the court made with reference to the period of redemption at the time the sheriff's sale was confirmed. With this point and the question of purchase-money mortgage being specifically put in issue by the pleadings in the case and entitled to a ruling and decision thereon at the time the case was tried, and not being any part whatever of the motion to confirm the sale,

the defendants did not have their day in court on these issues, made so by the pleadings, until the court acted upon them, and therefore this motion for new trial is a real motion for a new trial upon two of the important issues in the case upon which no decision was rendered until at the time of the hearing of the motion for the confirmation of the sale, and we hold that such motion for new trial on rulings involving the real issues made by the pleadings does not come within the rule above stated as to the jurisdiction of the district court to pass thereon being limited to the term of court at which the ruling was made, but not thereafter.

The evidence on the rehearing or new trial showed that the defendants purchased the land here involved for $8,500 in 1925, paying $2,500 in cash for it and assuming a mortgage thereon for $6,000 held by the Liberty Savings and Loan Association. This mortgage was twice reduced and renewed, the last renewal being made June 1, 1932. On October 1, 1932, two instruments were executed in connection with this property and the mortgage thereon. One was a deed by the owners to the Liberty Savings and Loan Association, and the other a contract made the same day and signed by both parties. The contract is quite lengthy and contains a clause stating that it is in no sense a mortgage, but strictly a contract for the sale of land. Other parts of the contract must be considered in reaching any conclusion on that question.

In 19 R. C. L. 245 it is said:

"The rule here laid down is embodied in the maxim of equity, once a mortgage, always a mortgage, by which is meant in this connection that the character of a transaction involving the conveyance of property is fixed at its inception, and if at that time the conveyance is intended to operate by way of security and as a mortgage, a mortgage it must remain with all the incidents thereof despite express stipulations to the contrary in the instrument of conveyance looking to the abrogation of the mortgagor's equity of redemption." (See, also, *Charpie v. Stout,* 88 Kan. 318, 128 Pac. 396.)

The contract gives the consideration as $3,900, which is with interest thereon to be paid the loan company in 180 monthly installments "on the same basis as the regular fifteen-year loan plan of the Liberty Savings and Loan Association." This is a usual building and loan mortgage plan for the payment of a mortgage indebtedness. The contract contained within it all the provisions of a mortgage with the defendants' promise to pay and the plaintiff's right to demand possession after continued failure for twelve months to comply with the terms thereof. It also contained the usual terms

requiring the defendants, while occupying the land, to pay the taxes and carry insurance thereon. It also contained the agreement of the loan company to sell the land to the defendants upon full payment by them as therein specified.

Can an instrument containing all the provisions of a mortgage be made a sale contract simply by denominating it as such and by taking a deed the same day as a part of the same transaction? This is not in accord with the usual conception or practice followed in such matters. The promise to give a deed is no more than the ordinary promise to give a release in the usual manner when the debt is paid. The taking of a deed the same day the contract was made was simply taking security for the debt which still existed.

Another clause in the contract shows plainly that the author was afraid of the matter therein being submitted to an investigation in the courts, and inserted the following provision, which is in violation of the rules and principles of our form of government: ". . . no court shall relieve the parties of the second part from a failure to comply strictly and literally with this contract."

In 6 R. C. L. 752 it is said:

"But although it is permissible to submit to arbitration pending lawsuits or existing differences, it is not permissible for persons to stipulate in advance that in the event of differences arising in the future they will deny themselves the right to resort to the courts for their settlement." (See, also, 13 C. J. 455, and *Richardson v. Emmert*, 44 Kan. 262, 24 Pac. 478.)

About a year and a half after the giving of the deed to the loan company and the making of the contract just considered, the loan company made and delivered a deed to the defendants, and a few days thereafter the defendants signed a note payable to the Home Owners Loan Corporation for $5,475.43, and executed a mortgage on this land to that corporation to secure the payment of the same, and the Home Owners Loan Corporation delivered to the Liberty Savings and Loan Association bonds in the sum of $4,500.

The question is whether or not this last mortgage was a purchase-money mortgage. The trial court on the rehearing or hearing on the new trial granted, held it was not a purchase-money mortgage and allowed eighteen months as the period of redemption. Appellant insists this ruling was erroneous and cited, among other cases, that of *Home Owners Loan Corp. v. Torrey*, 146 Kan. 332, 69 P. 2d 1096, which case is very similar to the case at bar, and the Home Owners Loan Corporation is plaintiff in both of them. In that

case there was a mortgage to a bank which was regularly foreclosed and sheriff's deed issued to the bank, which of course cut off all the interests of the mortgagors in or to the property foreclosed. Some time after this foreclosure proceeding was completed the former owners, finding they could borrow money from the Home Owners Loan Corporation, negotiated with the bank to repurchase the property and made a contract for that purpose and used the money borrowed from the Home Owners Loan Corporation to pay the purchase price, and this court held:

"A contract granting an option to purchase real estate which provides that time is of its essence, and which provides for no down payment, but only for payment of insurance, taxes and interest, if the property be occupied by the optionee or his tenant, and for conveyance of the property if the option be exercised and the principal sum paid, does not in and of itself constitute an equitable mortgage and create the relation of mortgagee and mortgagor between the parties.

"In such a case, where the optionee exercises his option to purchase, and to procure the entire purchase price mortgages the real estate to a third person, the mortgage is a purchase-money mortgage." (Syl. ¶¶ 1, 2.)

Another very recent case where the same corporation was plaintiff, *Home Owners Loan Corp. v. Sanford*, 147 Kan. 597, 77 P. 2d 937, was where, without any previous relations shown between the parties, the defendants entered into a contract with an investment company owning property that was for sale. It was sold to the defendants for a definite sum on monthly payments and the purchasers were let into possession. The contract had certain provisions in case of default of payments. The purchasers borrowed the full amount of the remainder of the purchase price from the Home Owners Loan Corporation, and it was held to be a purchase-money mortgage.

Both these cases are very different from the case at bar. In the first the original mortgage relation was entirely extinguished by the foreclosure proceedings and the issuance of the sheriff's deed before the subsequent arrangement was commenced. ·In the second case there was no previous relationship, the first being the contract for purchase, and the money was procured by the purchaser from the Home Owners Loan Corporation to pay the entire remaining purchase price, instead of its being paid in monthly installments.

The case of *Langworthy v. Martin*, 129 Kan. 159, 281 Pac. 879, was one where an agreement was made between the vendor and purchaser of land that two thirds of the purchase price should be

borrowed and secured by a mortgage on the farm and the balance paid in cash and that the mortgage should be executed by vendor and the land transferred to the purchaser subject to the mortgage, which was done. Later, when default was made by the purchaser, the mortgage was foreclosed, and it was held that notwithstanding the formalities of borrowing the money and executing the mortgage were undertaken by the vendor rather than the purchaser, the lien was essentially one for the purchase price. While this case sheds light upon the subject generally, the facts seriously differ from those in the case here under review.

The case of *Home Owners' Loan Corp. v. Jaremko*, 146 Kan. 328, 69 P. 2d 1096, appears to be more nearly like the one at bar except that substantial payments had been made and a longer time intervened between the making of the contract and the execution of the mortgage by which the money was obtained to pay the balance of the purchase price, and it was there held that—

"In an action to foreclose a mortgage it appeared that the mortgagors had entered into a contract whereby they had an option to buy the property in question which could be kept in force by making monthly payments. They made a substantial payment on the purchase price at the time they entered into the contract and substantial payments were later made on the purchase price under the contract. After this contract had been in effect about three years the mortgage sought to be foreclosed in this action was executed. Held, that it was not a purchase-money mortgage· and that the mortgagor was entitled to eighteen months in which to redeem, even though more than two thirds of the amount of the original purchase price was obtained on the mortgage." (Syl.)

The same line of reasoning is found in *Verdon State Bank v. Smyth*, 137 Kan. 1, 18 P. 2d 897, and *Union Central Life Ins. Co. v. Kershaw*, 137 Kan. 819, 22 P. 2d 481.

We conclude that the giving of the deed by the defendants to the Liberty Savings & Loan Association and the making of the contract the same day with the association as to the sale and purchase of the land which contained a promise to pay the debt and a provision for forfeiture upon failure to do so, constituted an equitable mortgage and therefore the subsequent mortgage given by defendants to the plaintiff to borrow the money to finish the payment of the purchase price was not a purchase-money mortgage. If it was not a purchase-money mortgage the eighteen-month period of redemption was correct.

The judgment is affirmed.