No. 35,287

The Kinsley Building and Loan Association, *Appellee*, v. John Love et al., *Defendants*. Earl Pitts and Lizzie Pitts, *Appellants*.

(118 P. 2d 617)

Opinion filed November 8, 1941.

*O. A. Wilson*, of Jetmore, for the appellants.

*H. F. Thompson* and *A. L. Moffatt*, both of Kinsley, for the appellee.

The opinion of the court was delivered by

Allen, J.: This action was to foreclose a mortgage on real estate. Judgment was rendered for plaintiff foreclosing the mortgage and fixing the period of redemption at six months. On this appeal the defendants contend they are entitled to eighteen months in which to redeem.

In a motion filed in the cause by defendants Earl Pitts and Elizabeth Pitts the facts are set forth as follows:

"That prior to September 24, 1935, one Ruby Pennington was the owner of the property in question; that in the latter part of July of said year the de-

fendant began negotiations with the said Ruby Pennington to purchase said property as a home for himself and family, and on or about the —— day of August, 1935, arrived at an agreement with the said Ruby Pennington as to the amount of purchase price he was to pay therefor, and then and there paid to the said Ruby Pennington out of his funds the sum of $70 to bind the bargain as to the purchase of said property; that the said Ruby Pennington was at the time indebted to John Love, the father of Lizzie Pitts, defendant herein, and wife of defendant Earl Pitts, and arrangements were made that the said John Love should be paid the indebtedness due him from the said Ruby Pennington out of the purchase price for said property; that subsequent to the time of making the agreement to purchase and prior to the completion of the sale to the defendant Earl Pitts, the said Ruby Pennington became in need of funds and the said John Love advanced to her the sum of $200 toward the purchase price of said property; that at all times the understanding and agreement between the said Ruby Pennington, John Love and Earl and Lizzie Pitts was that a loan should be obtained on the property, John Love should be paid out of the proceeds of such loan the amounts due him from the said Ruby Pennington, she would be paid the balance of the purchase price due her and the balance if any of such loan should go to the defendant Earl Pitts, the purchaser of said property; that pursuant to such agreement the said Ruby Pennington, and husband on the 24th day of September, 1935, executed a deed in blank to said property and delivered the same to John Love to be held by him, or used in such manner as to secure the payment of the amounts as above stated; that the said Earl Pitts and family moved into said property and made repairs and improvements thereon before making application for a loan with which to secure the funds needed to pay the said John Love the amounts due him and the balance of the purchase price; that to secure to the said John Love the amounts due him his name was placed in said deed as grantee and said deed placed on record; that thereafter the said John Love made, executed and delivered a deed to said property to Lizzie Pitts, one of the defendants herein, all of which was and is known by the plaintiff herein. Such deed now being in possession of plaintiff.

"Defendant further shows the court that all of the preliminary negotiations for the loan and mortgage upon which the plaintiff's claimed rights herein are based, were made with said plaintiff by the defendant Earl Pitts, but that by reason of the fact that the title, for the purpose of securing to the said John Love the amounts due him from the said Ruby Pennington, and the amount he had advanced on the purchase price, was in his name of record, the mortgage to plaintiff was executed by him; that the said John Love was fully paid out of the proceeds of the loan from plaintiff and from and after that time had no further interest in said property, that all of these facts were known to plaintiff at the time they procured the deed and contract from the said John Love, upon which the plaintiff attempts to base its present rights to the property.

"Defendants further show the court that they have at all times been in full possession of said property as the owners thereof, subject only to the rights of plaintiff as the holder of a mortgage thereon; that said mortgage has

never been foreclosed as against these defendants, nor their rights in the ownership and possession of said property waived or forfeited."

John Love testified that he paid the clerk of the court $472.73 in redemption of the mortgage which had been foreclosed; that he paid $600 to T. G. Frusher, and $215.47 to Ruby Pennington for the balance due her on the property, and paid for certain improvements, and reimbursed himself for the money advanced to Ruby Pennington. Frusher testified that he had loaned money to Earl Pitts.

It thus appears that with the exception of $70 paid by Pitts, the $1,200 due Ruby Pennington for the land was paid out of the proceeds of the loan. It is clear that Earl Pitts and Lizzie Pitts were the beneficial owners of the property. John Love stated that he "handled the financing of the purchase." He merely held the legal title to the property and when the loan from plaintiff was negotiated and the title cleared, he conveyed the property to his daughter. The situation was the same as though Love had loaned the money to Pitts, and Pitts had then paid the items necessary to clear the title and the balance to the vendor. Love advanced the money to secure a home for his daughter and son-in-law. The fact that he paid the money directly to the vendor is immaterial. Equity looks to substance, not form. In effect it was Pitts who paid the purchase price. Where the transfer of property is made to one person and the purchase price is advanced by him as a loan to another a resulting trust arises in favor of the latter. (Restatement, Trusts, § 448; Bogert on Trusts, § 455.)

The only amount paid by Pitts on account of the purchase price of the property was the initial payment of $70. As default was made before one-third of the purchase price had been paid, the court did not err in fixing the period of redemption at six months as authorized by our statute G. S. 1935, 60-3466.

Defendants rely on *Verdon State Bank v. Smyth*, 137 Kan. 1, 18 P. 2d 897, and *Home Owners' Loan Corp. v. Jaremko*, 146 Kan. 328, 69 P. 2d 1096, but we do not think the doctrine announced in those cases is applicable to the facts before us in this case.

The judgment is affirmed.